IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

**SANDRA GRAY-ROHAN,**

    Plaintiff,

v.                                        Case No. 19 cv 1032

**GATEWAY TECHNICAL COLLEGE**
**and JAYNE HERRING (in her individual**
**capacity),**

    Defendants.

## COMPLAINT

NOW COMES THE PLAINTIFF, Sandra Gray-Rohan, by her attorneys, Gingras, Cates & Wachs by Paul A. Kinne, and hereby states the following as her Complaint in the above-referenced matter.

### NATURE OF PROCEEDINGS

1. This civil action is brought under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983. It is brought to redress the racially discriminatory and retaliatory practices employed by the defendants to which the plaintiff was subjected resulting in her termination from employment.

### PARTIES

2. Sandra Gray-Rohan (Gray-Rohan) is a citizen of the State of Wisconsin who resides within the Eastern Judicial District of Wisconsin.

3. Gateway Technical College (Gateway) is a public technical college operating within the Eastern Judicial District of Wisconsin.

4. Jayne Herring (Herring) is a citizen of the State of Wisconsin who at all times relevant hereto worked for Gateway as Gray-Rohan's supervisor. All of the actions attributed to Herring in this complaint were undertaken intentionally, within the scope of her employment, and under color of state law.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this matter pursuant to § 706 of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e-5(f), and pursuant to 28 U.S.C. §§ 1331 and 1343.

6. This claim may be venued in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391, insofar as all of the parties live and/or conduct business in the Eastern District of Wisconsin, and the circumstances giving rise to this claim occurred in this district.

## FACTUAL ALLEGATIONS

7. Gray-Rohan is African American.

8. Gray-Rohan began working for Gateway in 2000. At all times relevant to this matter, she was employed as a graphic designer.

9. At all times relevant to this complaint, Herring was Gray-Rohan's supervisor.

10. A similarly situated white employee supervised by Herring received a raise. Gray-Rohan asked Herring for a similar raise.

11. Herring denied Gray-Rohan the raise.

12. On April 28, 2014, Gray-Rohan filed an EEOC complaint alleging race discrimination by Herring.

13. Subsequent to that filing, Herring retaliated against Gray-Rohan. That retaliation took the form of unfounded criticism of her work, hyper-scrutiny of her performance and placing Gray-Rohan on a performance improvement plan.

14. Gray-Rohan filed multiple other charges of discrimination with the EEOC, including the following dates: March 6, 2015 and October 8, 2015.

15. In 2015, Gateway informed Gray-Rohan that her complaints were causing a lot of trouble on campus, and that she should resign.

16. Gray-Rohan refused to resign.

17. On January 3, 2017, Herring fired Gray-Rohan.

18. Gray-Rohan's performance was satisfactory at all times.

19. Similarly situated white employees were not adversely treated like Gray-Rohan.

20. Similarly situated employees who had not complained of race discrimination were not adversely treated like Gray-Rohan.

21. Herring fired Gray-Rohan because of Gray-Rohan's race, and / or because Gray-Rohan complained of race discrimination.

22. With respect to the Title VII claims, Gray-Rohan has satisfied her administrative requirements. The Right to Sue letters are attached hereto.

## FIRST CAUSE OF ACTION AGAINST GATEWAY: RACE DISCRIMINATION AND RETALIATION TITLE VII AND 42 U.S.C. SEC. 1981

23. The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

24. By subjecting Gray-Rohan to the conduct described in this complaint, Gateway discriminated against Gray-Rohan on the basis of her race, in violation of both Title VII and 42 U.S.C. sec. 1981.

25. By subjecting Gray-Rohan to the conduct described in this complaint, Gateway retaliated against Gray-Rohan because of complaints she made about race discrimination, in violation of both Title VII and 42 U.S.C. sec. 1981.

26. This discrimination and retaliation has caused Gray-Rohan emotional and economic harm that is permanent in nature.

## FIRST CAUSE OF ACTION AGAINST HERRING: RACE DISCIMINATION AND RETALIATION 42 U.S.C. SECS. 1981 AND 1983

27. The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

28. By engaging in the conduct set forth above in this complaint, Herring violated Gray-Rohan's rights as protected by 42 U.S.C. secs. 1981 and 1983 when she discriminated against Gray-Rohan because of Gray-Rohan's race.

29. By engaging in the conduct set forth above in this complaint, Herring violated Gray-Rohan's rights as protected by 42 U.S.C. secs. 1981 and 1983 when she discriminated against Gray-Rohan because of Gray-Rohan's race.

30. This retaliation has caused Gray-Rohan severe and permanent emotional and economic damages.

WHEREFORE, the plaintiff demands the following relief:

A. Judgment in an amount sufficient to compensate Gray-Rohan for all of her losses.

B. With respect to the individual capacity claim, compensation sufficient to punish Herring and to deter others from acting similarly in the future.

C. An award of pre- and post-judgment interest.

D. An award of appropriate equitable relief.

E. Any award of attorney fees and costs.

F. Any other relief the Court deems just to grant.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 18th day of July, 2019.

          **GINGRAS CATES & WACHS LLP**
          Attorneys for Plaintiff


          *s/ Paul A. Kinne*
          Paul A. Kinne
          State Bar Number: 1021493

1850 Excelsior Drive
Madison, WI 53717
Phone: (608) 833-2632
Fax: (608) 833-2874
Email: kinne@gcwlawyers.com