UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA GRAY-ROHAN,

      Plaintiff,

v.                                                Case No. 19-cv-1032

GATEWAY TECHNICAL COLLEGE and
JAYNE HERRING (in her individual
capacity),

      Defendants.

## ANSWER TO COMPLAINT

Defendants, Gateway Technical College ("Gateway") and Jayne Herring ("Herring"), by and through their attorneys, Quarles & Brady LLP, answer the allegations of the Plaintiff Sandra Gray-Rohan ("Plaintiff" or "Gray-Rohan") as follows:

### NATURE OF PROCEEDINGS

1.     This civil action is brought under Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. §§ 1981 and 1983. It is brought to redress the racially discriminatory and retaliatory practices employed by the defendants to which the plaintiff was subjected resulting in her termination from employment.

**ANSWER:**    Admits that on its face this purports to be a civil action alleging claims of race discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §§ 1981 and 1983; denies that Gateway or Herring discriminated or retaliated against the Plaintiff; denies that the Plaintiff is entitled to redress; denies all remaining allegations in Paragraph 1.

### PARTIES

2.     Sandra Gray-Rohan (Gray-Rohan) is a citizen of the State of Wisconsin who resides within the Eastern Judicial District of Wisconsin.

**ANSWER:** Lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2.

3. Gateway Technical College (Gateway) is a public technical college operating within the Eastern Judicial District of Wisconsin.

**ANSWER:** Admits the allegations in Paragraph 3.

4. Jayne Herring (Herring) is a citizen of the State of Wisconsin who at all times relevant hereto worked for Gateway as Gray-Rohan's supervisor. All of the actions attributed to Herring in this complaint were undertaken intentionally, within the scope of her employment, and under color of state law.

**ANSWER:** Admits that Herring is a citizen of the State of Wisconsin; admits that Herring began supervising the Plaintiff in 2005 and continuously supervised her through January 2, 2017; denies that Herring undertook the discriminatory or retaliatory actions attributed to her in this complaint; denies all remaining allegations in Paragraph 4.

## JURISDICTION AND VENUE

5. This court has jurisdiction over this matter pursuant to § 706 of Title VII of the Civil Rights Act of 1964, as amended in 1991, 42 U.S.C. § 2000e-5(f), and pursuant to 28 U.S.C. §§ 1331 and 1343.

**ANSWER:** Admits the allegations in Paragraph 5.

6. This claim may be venued in the Eastern District of Wisconsin pursuant to 28 U.S.C. § 1391, insofar as all of the parties live and/or conduct business in the Eastern District of Wisconsin, and the circumstances giving rise to this claim occurred in this district.

**ANSWER:** Admits that the District Court of the Eastern District of Wisconsin is the proper federal venue for this action, as Gateway operates in the Eastern District of Wisconsin and Herring resides in the Eastern District of Wisconsin; denies all remaining allegations in Paragraph 6.

## FACTUAL ALLEGATIONS

7. Gray-Rohan is African American.

**ANSWER:** Admits the allegations in Paragraph 7.

8. Gray-Rohan began working for Gateway in 2000. At all times relevant to this matter, she was employed as a graphic designer.

**ANSWER:** Admits that Gateway hired the Plaintiff on August 17, 2000, and that she worked as a Graphic Designer until her employment separation on January 2, 2017; denies all remaining allegations in Paragraph 8.

9. At all times relevant to this complaint, Herring was Gray-Rohan's supervisor.

**ANSWER:** Admits that Herring began supervising the Plaintiff in 2005 and continuously supervised her through Plaintiff's employment separation on January 2, 2017; denies all remaining allegations in Paragraph 9.

10. A similarly situated white employee supervised by Herring received a raise. Gray-Rohan asked Herring for a similar raise.

**ANSWER:** Admits that the Plaintiff and other direct reports of Herring received raises during the course of their employment at Gateway; lacks knowledge or information sufficient to form a belief regarding raises issued to an unnamed "similarly situated white employee supervised by Herring;" denies all remaining allegations in Paragraph 10.

11. Herring denied Gray-Rohan the raise.

**ANSWER:** Denies the allegations in Paragraph 11.

12. On April 28, 2014, Gray-Rohan filed an EEOC complaint alleging race discrimination by Herring.

**ANSWER:** Admits that on or about April 21, 2014, the Plaintiff filed an EEOC complaint alleging race and sex discrimination; denies all remaining allegations in Paragraph 12.

13. Subsequent to that filing, Herring retaliated against Gray-Rohan. That retaliation took the form of unfounded criticism of her work, hyper-scrutiny of her performance and placing Gray-Rohan on a performance improvement plan.

**ANSWER:** Denies the allegations in Paragraph 13.

14. Gray-Rohan filed multiple other charges of discrimination with the EEOC, including the following dates: March 6, 2015 and October 8, 2015.

**ANSWER:** Admits that the Plaintiff filed other charges of discrimination with the EEOC; denies all remaining allegations in Paragraph 14.

15. In 2015, Gateway informed Gray-Rohan that her complaints were causing a lot of trouble on campus, and that she should resign.

**ANSWER:** Denies the allegations in Paragraph 15.

16. Gray-Rohan refused to resign.

**ANSWER:** Admits that the Plaintiff did not resign from her employment; denies all remaining allegations in Paragraph 16.

17. On January 3, 2017, Herring fired Gray-Rohan.

**ANSWER:** Admits that Gateway discharged the Plaintiff from her employment on January 2, 2017; admits that Herring was one of the individuals involved in the discharge decision; denies all remaining allegations in Paragraph 17.

18. Gray-Rohan's performance was satisfactory at all times.

**ANSWER:** Denies the allegations in Paragraph 18.

19. Similarly situated white employees were not adversely treated like Gray-Rohan.

**ANSWER:** Denies the allegations in Paragraph 19.

20. Similarly situated employees who had not complained of race discrimination were not adversely treated like Gray-Rohan.

**ANSWER:** Denies the allegations in Paragraph 20.

21. Herring fired Gray-Rohan because of Gray-Rohan's race, and / or because Gray-Rohan complained of race discrimination.

**ANSWER:** Denies the allegations in Paragraph 21.

22. With respect to the Title VII claims, Gray-Rohan has satisfied her administrative requirements. The Right to Sue letters are attached hereto.

**ANSWER:** Admits that the EEOC issued Notices of Right to Sue with respect to EEOC Charge Nos. 26G-2017-00874 and 443-2016-01665 on April 29, 2019; denies all remaining allegations in Paragraph 22.

### FIRST CAUSE OF ACTION AGAINST GATEWAY: RACE DISCRIMINATION AND RETALIATION TITLE VII AND 42 U.S.C. SEC. 1981

23. The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

**ANSWER:** The Defendants reallege and reincorporate by reference as though fully set forth herein their responses to Paragraphs 1-22 of their answer.

24. By subjecting Gray-Rohan to the conduct described in this complaint, Gateway discriminated against Gray-Rohan on the basis of her race, in violation of both Title VII and 42 U.S.C. sec. 1981.

**ANSWER:** Denies the allegations in Paragraph 24.

25. By subjecting Gray-Rohan to the conduct described in this complaint, Gateway retaliated against Gray-Rohan because of complaints she made about race discrimination, in violation of both Title VII and 42 U.S.C. sec. 1981.

**ANSWER:** Denies the allegations in Paragraph 25.

26. This discrimination and retaliation has caused Gray-Rohan emotional and economic harm that is permanent in nature.

**ANSWER:** Denies the allegations in Paragraph 26.

### FIRST CAUSE OF ACTION AGAINST HERRING: RACE DISCIMINATION AND RETALIATION 42 U.S.C. SECS. 1981 AND 1983

27. The plaintiff realleges and incorporates the preceding paragraphs as if set forth fully herein.

**ANSWER:** The Defendants reallege and reincorporate by reference as though fully set forth herein their responses to Paragraphs 1-27 of their answer.

28. By engaging in the conduct set forth above in this complaint, Herring violated Gray-Rohan's rights as protected by 42 U.S.C. secs. 1981 and 1983 when she discriminated against Gray-Rohan because of Gray-Rohan's race.

**ANSWER:** Denies the allegations in Paragraph 28.

29. By engaging in the conduct set forth above in this complaint, Herring violated Gray-Rohan's rights as protected by 42 U.S.C. secs. 1981 and 1983 when she discriminated against Gray-Rohan because of Gray-Rohan's race.

**ANSWER:** Denies the allegations in Paragraph 29.

30. This retaliation has caused Gray-Rohan severe and permanent emotional and economic damages.

**ANSWER:** Denies the allegations in Paragraph 30.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief can be granted.

2. Any alleged discriminatory actions by Gateway that preceded by more than 300 days the filing of Plaintiff's administrative charges (EEOC Charge Nos. 26G-2017-00874 and 443-2016-01665) are barred by the applicable statute of limitations.

3. All of Gateway and Herring's actions in relation to the Plaintiff and her employment were legitimate, non-discriminatory, and non-retaliatory and were taken without regard to the Plaintiff's race or alleged protected activity.

4. Even if any action Gateway or Herring took related to the Plaintiff was not based on legitimate, non-discriminatory, or non-retaliatory business reasons unrelated to the Plaintiff's race or alleged protected activity, Gateway and Herring still would have taken those actions for reasons entirely unrelated to the Plaintiff's protected status or alleged protected activity.

5. The Plaintiff is barred from recovering punitive damages because any actions taken by Gateway and Herring were taken in good faith, based on legitimate business reasons.

6. Upon information and belief, the Plaintiff has failed to mitigate any damages she allegedly suffered.

7. Gateway and Herring reserve the right to assert additional defenses based on information learned or obtained during this litigation, including through discovery.

WHEREFORE, Defendants Gateway Technical College and Jayne Herring ask for judgment dismissing the complaint, on the merits and with prejudice, for their costs and disbursements of this action, and for such further relief as the Court may deem appropriate.

Dated: September 17, 2019

                          QUARLES & BRADY LLP

                          s/Lindsey W. Davis
                          Lindsey W. Davis
                          State Bar No. 1089654
                          Sean M. Scullen
                          State Bar No. 1034221
                          411 East Wisconsin Avenue, Suite 2350
                          Milwaukee, WI 53202-4426
                          Telephone: 414.277.3073
                          Facsimile: 414.978.8303
                          E-mail: lindsey.davis@quarles.com
                                      sean.scullen@quarles.com
                          *Attorneys for Defendants*