UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA GRAY-ROHAN,

    Plaintiff,

v.

    Case No. 19-cv-1032-pp

GATEWAY TECHNICAL COLLEGE
and JAYNE HERRING,

    Defendants.

## ORDER DISMISSING §1983 RETALIATION CLAIM

On December 12, 2023, the court granted in part and denied in part the defendants' motion for summary judgment, but deferred ruling on the plaintiff's §1983 retaliation claim against defendant Herring. Dkt. No. 52. The court explained that the Seventh Circuit has held that "Section 1983 provides a remedy for deprivation of constitutional rights" but provides no remedy for violations of rights created by Title VII. Blunt v. McKinstry, 54 F. App'x 227, 2002 WL 31856363, at **2 (7th Cir. Dec. 16, 2002). The court gave the parties time to brief the issue after the plaintiff's attorney stated that he would like to speak with his client before he made any final decisions about the plaintiff's position. Dkt. No. 51 at 1:01:33-1:01:55.

### I.    Plaintiff's Supplemental Brief (Dkt. No. 53)

In her supplemental brief, the plaintiff argues that the §1983 retaliation claims against Herring under the Equal Protection Clause should not be

1

dismissed because the alleged retaliation is based on a protected characteristic rather than a general right to be free from retaliation. Dkt. No. 53 at 2. The plaintiff cites Lopez v. Wis. Dep't of Health Servs., Case No. 16-cv-500-BBC, 2017 U.S. Dist. LEXIS 185791, *5 (W.D. Wis. Nov. 9, 2017), where that court—at the motion-to-dismiss stage—found that the plaintiff could proceed under the Equal Protection Clause on allegations that he was "treated differently and subject to retaliation because of his race, color, national origin and complaints of discrimination." Here, the plaintiff maintains that she has sufficiently alleged that Herring "fired her because of her race and/or because she complained of race discrimination." Dkt. No. 53 at 2 (citing Dkt. No. 1 at ¶¶21, 28-30).

## II. Defendant's Supplemental Brief (Dkt. No. 54)

The defendant responds that the plaintiff is alleging—for the first time—that Herring retaliated against the plaintiff because of race and not just because of protected activity. Dkt. No. 54 at 1. The defendant argues that the plaintiff neither alleged a violation of a right secured by the Constitution or supported such a claim with facts. Id. at 2. According to the defendant, the plaintiff's complaint and her summary judgment response brief fail to mention the Constitution, the Fourteenth Amendment or the Equal Protection Clause. Id. (citing Dkt. Nos. 1, 32). The defendant argues that even if the court overlooks the alleged deficiencies in the pleadings, the plaintiff's exclusive argument in opposition to summary judgment was that Herring retaliated against her for making EEOC complaints of discrimination and retaliation. Dkt. No. 54 at 4 (citing Dkt. No. 32 at 14). Finally, the defendant argues that the

2

plaintiff waived any such claim by not raising it in her brief in opposition to the motion to dismiss and points out that the court has dismissed the plaintiff's discrimination claims. Id. at 5. Specifically, the court found that "none of the facts the plaintiff alleged support the conclusion that either Gateway or Herring took adverse employment actions against [Gray-Rohan] because of her race." Id. (citing Dkt. No. 52 at 2).

### III. Analysis of Plaintiff's §1983 Retaliation Claim

"The right not to be retaliated against for filing a charge of discrimination is a right created by employment discrimination statutes, not by the Constitution." Blunt, 2002 WL 31856363, at *2. In Blunt, the Seventh Circuit rejected a county employee's claim that the county was liable under §1983 for firing her because she previously had filed race and sex discrimination claims. Id. The Seventh Circuit explained that "Section 1983 provides a remedy for deprivation of constitutional rights. It supplies no remedy for violations of rights created by Title VII. Only when the underlying facts support both a Title VII and a constitutional deprivation claim can a plaintiff maintain an action under § 1983 and bypass the procedural requirements of Title VII." Id. (quoting Gray v. Lacke, 885 F.2d 399, 414 (7th Cir.1989)).

Two years after deciding Blunt, the Seventh Circuit ruled that "the right to be free from retaliation may be vindicated under the First Amendment or Title VII, but not the equal protection clause." Boyd v. Ill. State Police, 384 F.3d 888, 898 (7th Cir. 2004). In Boyd, the plaintiff argued that the defendant had retaliated because the plaintiff had filed a case alleging Equal Protection

3

violations. Id. The Seventh Circuit stressed that "Congress would not have wanted a Title VII plaintiff to bypass the elaborate 'administrative procedures created by the statute (procedures as applicable to retaliation claims as to any other claims under Title VII), and go directly to court, through the illogical expedient of equating discrimination against a person for filing charges of sex discrimination to sex discrimination itself.'" Id. (citing Yatvin v. Madison Metro Sch. Dist., 840 F.2d 412, 419 (7th Cir. 1988). Courts have held that this remains true even if the protected activity prompted the retaliation. See Hanon v. City of Prospect Heights, Case No. 18 C 2475, 2023 WL 4273662, *17 (N.D. Ill. June 29, 2023).

The majority of circuits have held that even if a plaintiff's retaliation claims are premised on complaints of race or sex discrimination, the Equal Protection Clause cannot sustain a pure claim of retaliation. Wilcox v. Lyons, 970 F.3d 452, 461 (4th Cir. 2020) (collecting cases). (The Second Circuit reached a contrary conclusion in Vega v. Hempstead Union Free School Dist., 801 F.3d 72, 91 (2nd Cir. 2015)).

The plaintiff insists that she sufficiently has alleged a constitutional deprivation by pleading that she was terminated based on race discrimination. At paragraph 28 of the complaint, the plaintiff alleged that defendant Herring violated her rights under §§1981 and 1983 when she discriminated against the plaintiff because of the plaintiff's race. Dkt. No. 1 at ¶28. The plaintiff fails to acknowledge that the defendants moved for summary judgment. Summary judgment is the "put up or shut up" moment in a lawsuit." Siegel v. Shell Oil

4

Co., 612 F.3d 932, 937 (7th Cir.2010) (quoting Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir.2003)). In opposition to summary judgment, the plaintiff argued that "Herring retaliated against [the plaintiff] because of [the plaintiff's] complaints of race discrimination and retaliation." Dkt. No. 32 at 14. She added that the same evidence supporting her retaliation claims under Title VII supports her §§1981 and 1983 claims. Id. at 22.

This court found no evidence of race discrimination. Dkt. No. 51 at 38:58-39:02. The court explained that when evaluating the plaintiff's employment claim, "all evidence belongs in a single pile and must be evaluated as a whole." Id. at 38:23-28:45 (citing Runkel v. City of Springfield, 51 F.4th 736, 741 (7th Cir. 2022) (which cited Igasaki v. Ill. Dep't of Fin. and Pro. Regul., 988 F.3d 948, 957 (7th Cir. 2021) and quoted Ortiz v. Werner Enters., 834 F.3d 760, 766 (7th Cir. 2016)). The plaintiff's arguments boiled down to the following: she was the only Black employee that Herring supervised, Herring helped the plaintiff's white coworker more than she helped the plaintiff and two of the plaintiff's coworkers "testified that Herring clearly disliked [the plaintiff]." Id. at 39:05-39:24. The court explained that "[b]eing the only Black employee at a worksite does establish race discrimination." Id. at 39:25-40:14 (citing Love v. Cmty. Nutrition Network, Case No. 09 CV 4937, 2010 WL 5185089, *7 (N.D. Ill. Dec. 16, 2010); see also Calhoun v. Bd. of Educ. of Arbor Park School Dist. No. 145, No. 13 C 1866, 2013 WL 4845460, *2 (N.D. Ill. Sept. 9, 2013) ("Plaintiff's allegation that she was the only African American employee . . . is not sufficient to plausibly suggest above a speculative level that

5

defendant had a permanent and well-settled practice of racial discrimination.")).

The record established that the plaintiff had worked at Gateway for twelve years and received glowing recommendations. Id. at 40:19-40:36. The plaintiff received one grade increase and Herring helped her rewrite her job description in support of the request. Id. The court rejected the arguments regarding Herring helping the plaintiff's white co-worker, Lebrick, because some of those claims were untimely and there was evidence that Herring assisted both employees. Id. at 40:37-41:55. The independent, outside consulting company made all reclassification decisions without any knowledge of the applicants' race or gender. Id. at 41:56-42:31. Finally, the plaintiff's two coworkers (neither of whom were supervisors) alleged nothing that could be attributed to a racial motive or racial hostility on the part of the defendants. Id. at 41:32-43:48. The court explained to the parties that there was no way for the plaintiff to make a case that Gateway or Herring had discriminated against her based on her race. Id. 43:48-43:58. The court found that the §1981 claim against Herring failed because §1981 does not create a private right of action against state actors. Id. at 29:28-30:44 (citing Campbell v. Forest Preserve Dist. of Cook Cnty. Ill., 752 F.3d 665, 667, 671 (7th Cir. 2014) (holding that §1983 remains the exclusive remedy for violations of §1981 committed by state actors)).

Seventh Circuit case law states that a plaintiff may pursue a §1983 retaliation claim "only when the underlying facts support both a Title VII and a

6

Case 2:19-cv-01032-PP   Filed 02/01/24   Page 6 of 7   Document 55

constitutional deprivation claim." Gray, 885 F.2d at 414. The court has found that the underlying facts do not support race discrimination claim. The plaintiff does not allege—and the facts do not support—any other constitutional deprivation that would allow the plaintiff to bring a §1983 retaliation claim. The court will dismiss the §1983 retaliation claim against Herring and the plaintiff will proceed to trial with her Title VII retaliation claims against Gateway Technical College.

The court **ORDERS** that the plaintiff's §1983 retaliation claim against Herring is **DISMISSED**. The court **DISMISSES** defendant Herring.

The court **ORDERS** that the parties must appear for a telephonic hearing on **April 3, 2024 at 10:00 AM**; the parties must appear by calling the court's conference line at 551-285-1373 and entering Meeting ID 161 4901 8989 and Passcode 190021 when prompted. At that hearing, the parties should be prepared to discuss possible final pretrial conference and trial dates.

Dated in Milwaukee, Wisconsin this 1st day of February, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**