SANDRA GRAY-ROHAN,

                    Plaintiff,

                                                    Case No. 19-cv-1032-pp

        v.

GATEWAY TECHNICAL COLLEGE,

                    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 74)

### I.       Background

After granting in part the defendants' motion for summary judgment and dismissing all but one defendant, dkt. no. 52, the court calendared a scheduling conference to set a trial date, dkt. no. 55. Before that conference could take place, the plaintiff's attorney moved to withdraw, dkt. no. 57, and the court converted the scheduling conference to a hearing on that motion, dkt. no. 59. After hearing from the plaintiff and her lawyer, the court granted the motion to withdraw and calendared a status conference far enough in the future to give the plaintiff time to find a new attorney. Dkt. No. 61.

During the May 28, 2024 conference, the court heard from the plaintiff regarding her efforts to retain a new attorney and told the plaintiff the case needed to move forward. Dkt. No. 63. The court calendared a scheduling conference for June 26, 2024 and warned the plaintiff that if she had not

1

located an attorney before that conference, the court would use the June 26 conference to discuss final pretrial and trial dates. Id. at 2.

The day before the scheduling conference—on June 25, 2024—the court received from the plaintiff a fourteen-page letter and several hundred pages of exhibits. Dkt. No. 64. The letter revealed that the plaintiff had not retained counsel; it also asked the court to review all the attached documents and reconsider its summary judgment ruling dismissing most of the defendants.

At the June 26 hearing, the court told the plaintiff that although it had not had time to review the voluminous documents she'd filed, it appeared that her prior lawyer had filed most of them in opposition to summary judgment. Dkt. No. 66 at 1. The court declined to reconsider its motion, but despite having given the plaintiff opportunity to find new counsel, it agreed to give her more time to do so. Id. at 2. The court gave the plaintiff a final extension—to August 16, 2024—to try to retain counsel. Id.

On August 13, 2024, the court received from the plaintiff a motion to appoint counsel, dkt. no. 68, which the court denied because the plaintiff is not indigent and is capable of representing herself, dkt. no. 69.

On October 21, 2024, the court conducted a scheduling conference and set deadlines by which the parties must disclose their experts and finalize discovery; the court also set dates for the final pretrial conference and a jury trial. Dkt. No. 71. The court ordered the parties to complete all discovery regarding damages by April 4, 2025 and told the plaintiff that she would need to show how she came up with her damages calculations. Id. at 1. At that time,

2

the defendant's attorney explained that the defendant had served damages discovery demands on the plaintiff in early March 2024 but had not received a response. Id. at 2. The plaintiff stated that she recalled receiving the paperwork but wasn't sure what it was; the court asked counsel to re-serve the requests on the plaintiff. Id. The court reminded the plaintiff that she was obligated to serve a response within thirty days of receiving a discovery demand. Id.

## II.    Plaintiff's Motion for Extension of time

### A.    Plaintiff's Motion (Dkt. No. 73)

On December 12, 2024, the court received from the plaintiff a two-page motion asking for an extension—to January 30, 2025—of her time to respond to the defendant's discovery requests and citing Chapters 801 and 805 of the Wisconsin statutes. Dkt. No. 73. The motion stated that "[t]he original deadlines were established without full understanding the extent and volume of information requested, and the time it would take to complete." Id. at 1. It stated that the plaintiff had had two funerals over the course of her thirty-day response time; she said that the "loss of an aunt and uncle weeks apart within the 30-day request caused a significant delay in completing the request." Id. She told the court that the extension would give her "adequate time to prepare and file the necessary documents with the defendants, ensuring that her rights and interests are properly represented and given a fair opportunity to represent herself." Id. She asserted that her "past conduct" demonstrated "her commitment to this case," and said that she was making the motion in good

3

faith and not for the purposes of delay. Id. She cited Wis. Stat. §801.15 for the proposition that extensions of time may be granted "for cause shown." Id.

The plaintiff attached to the motion the defendant's interrogatories and requests for production of documents; they are dated March 13, 2024. Dkt. No. 73-1 at 9. The plaintiff also attached a November 20, 2024 letter from the Deputy Division Administrator of the civil division in the Milwaukee County clerk of court's office, explaining that on that date, that clerk had received the plaintiff's request for an extension of time but did not have a case in Milwaukee County with case number 19CV1032-PP (the case number for this federal case). Dkt. No. 73-2. The division administrator informed the plaintiff that her case appeared to be "set for the Eastern District of Wisconsin, which is the Federal Courts." Id.

B.    Defendant's Response (Dkt. No. 74)

The next day the defendant filed a brief in opposition, arguing that the plaintiff had not shown good cause for an extension of time. Dkt. No. 74. The defendant explained that it had served the plaintiff with written damages and expert discovery requests on March 13, 2024, and opined that the requests were straightforward (only ten interrogatories and ten requests). Id. at 2. The defendant explained that it sought discovery regarding the experts that the plaintiff intended to use, healthcare providers with whom she had consulted or from whom she had received treatment, her employment history since leaving the defendant and income earned since her departure. Id.

The defendant reminded the court that at the court's direction, the defendant had re-served the discovery requests soon after the October 21, 2024 scheduling conference. Id. at 3. The defendant says that the plaintiff immediately asked for an extension, citing an upcoming funeral and desire to consult with an attorney. Id. Defense counsel say that they reminded the plaintiff that the requests had been served months before and that she had been given time to locate new counsel. Id. They say that the plaintiff contacted them again on October 25, 2024, stating that she had not begun working on her responses to the discovery requests, asserting that she was left with "just a couple of weeks" to respond to the re-served requests and saying that she would reach out to the court to request an extension. Id. at 3-4. The defendant's attorneys responded that they would consider a reasonable extension but would oppose any request for an open-ended or lengthy extension because of upcoming deadlines. Id.

The defense recounts that on the date the plaintiff's responses to the discovery were due (November 22, 2024), the defendant received from the plaintiff a motion asking for an extension until January 30, 2025; defense counsel say they checked the docket and discovered that this document had not been filed with the court. Id. at 4. Defense counsel say they contacted the plaintiff and told her that the defendant would not agree to such a lengthy extension but that they were willing to agree to a deadline of December 9, 2024; they advised the plaintiff that the discovery was not received by December 9, 2024, the defendant would seek to schedule a meet and confer

5

conference for December 10 or 11, prior to filing a motion to compel. Id. Defense counsel say that when the plaintiff responded by insisting on the January 30, 2025 deadline, they advised her on December 9, 2024 that they would be filing a motion to compel. Id. at 5. They say that a few days later, they received notice that the plaintiff had filed her motion for an extension of time with the court. Id.

The defendant argues that under Federal Rules of Civil Procedure 33(b)(2) and 37, a party who fails to timely respond to interrogatories or discovery requests may be subject to sanctions, including reasonable attorney's fees. Id. at 5 (citing Fed. R. Civ. P. 37(d)(1)-(3)). It asserts that Fed. R. Civ. P. 6(b)(1) states that a court may, for good cause shown after the time for acting has expired, extend the time for acting if the party failed to act because of excusable neglect. Id. The defendant emphasizes that the plaintiff filed her motion weeks after the discovery response deadline and that she has not shown good cause or excusable neglect. Id. at 6. As the defendant points out, the plaintiff has no explanation for the delay and made clear her intent to ask for an extension as early as October 25, 2024. Id. at 6-7. It asserts that while it appears the plaintiff may have misfiled her motion with the Milwaukee County Circuit Court, defense counsel notified her of this fact on November 20, 2024, and she still did not file her motion for weeks. Id. at 7. The defendant argues that a ten-week extension to respond to discovery requests is not justified, and reminds the court that it served the initial requests in March of 2024. Id. at 7-8. The defendant states that it offered the plaintiff an additional seventeen days

6

(to December 9, 2024) to respond but that that deadline had come and gone and the plaintiff has "provided <u>no</u> responsive information." <u>Id.</u> at 8.

The defendant asserts that the plaintiff's dilatory tactics in this litigation have caused it prejudice. <u>Id.</u> It argues that without her responses to the defendant's discovery requests, the defendant cannot meaningfully depose the plaintiff on damages and mitigation. <u>Id.</u> It asserts that it cannot make a determination regarding whether to retain a damages expert and ensure that the expert has sufficient time to review the information before the February 28, 2025 expert disclosure deadline. <u>Id.</u> And, it says, it cannot defend against any such claim at trial. The defendant reminds the court that many of its witnesses have retired and are aging. <u>Id.</u>

C.      <u>Plaintiff's Reply</u> (Dkt. No. 76)

The plaintiff replies that the reason the case has taken so long is due to the court's delay in ruling on the summary judgment motion, pointing to the court's December 12, 2023 apology to the parties for that delay. Dkt. No. 76 at 1. She asserts that the defendants should have made their objections then, and she says the "duration of how long this case has been in the courts have no bearing on the motion for extending the interrogatories request from the plaintiff." <u>Id.</u> While conceding that she was given additional time to find a lawyer, she reiterates that she was unable to find counsel after many attempts. <u>Id.</u> She recounts that in August 2024, the court denied her motion to appoint counsel and concluded that she was capable of relaying what happened at a trial; she says that she disagrees that "telling her story alone is sufficient in the

7

courtroom against experienced lawyers with full paralegal staff and a slew of other lawyers on hand to consult with at any given time." Id. at 2. She states that she was not given an option. Id.

The plaintiff asserts that "[i]mmediately" after the October 21, 2024 hearing, the "defendants" approached her and asked if she would like to schedule "a date for settlement." Id. She says that she "politely responded to the defendants that she would like to consult with a lawyer beforehand and that she would get back to them if it was an option and immediately communicated that she would be attending a funeral the very next day and needed some time to revisit the request from the defendants." Id. She says that unbeknownst to her, she would "soon relive the same event again within the deadline given to complete the interrogatories," referring to another death in her family. Id. She says that the Thanksgiving holiday immediately followed, and that the December 9, 2024 deadline to which the defendant agreed "was not great timing" and was suggested without her input. Id. She says the defendant made a "heavy demand and threat to add sanctions and including having the case dismissed entirely if not met." Id.

The plaintiff admits that she received the re-sent interrogatories via email on October 21, 2024. Id. She says she tried to meet the court's deadline, "but it proved to be a difficult task." Id. She complains that the defendants did not compromise to "work out a new schedule date that was reasonable in a timely fashion or communicate in a respectful way that could easily mend the problem." Id. The plaintiff says that it was not until November 25 (which would

have been three days *after* her thirty-day deadline for responding) that the defendants agreed to extend the deadline to December 9, "which was after the plaintiff already filed a motion of extension to the courts and just 2 days before Thanksgiving which left only 1 week to complete after the thanksgiving holiday." Id. The plaintiff says she learned "from another court that the motion for extension arrived at the wrong courts." Id. She says she was away for the holiday and didn't get this information until days later. Id. at 2-3. The plaintiff says the "paperwork" was "resent to the correct courts and the plaintiff notified the defendants of the events." Id. at 3.

The plaintiff says—incorrectly—that the undersigned judge "stated discovery would be due 30 days in advance of the trial dates in June of 2025 therefore it's not late and will be provided before the deadline requirement." Id. She says, "If my findings are wrong, I welcome criticism if my knowledge is incorrect." Id. The plaintiff also says that she is working on the discovery and that she told defense counsel it would be completed "before or by January 30;" she speculates that it may be completed before January 30 but that she didn't "want to guarantee a date that could be affected by unforeseeable circumstances one more time." Id.

As for the defendant's assertion that it served few interrogatories and demands, the plaintiff says the demands have subparts, some of which are extensive. Id. at 4. In response to the defendant's statement that she has had many months to work on the discovery demands, she says she "did not and was not working on the interrogatories since the lawyer withdrew," and that

9

she was spending that time looking for a new lawyer. Id. She says that she first

read the interrogatories "completely the evening of October 21, 2024." Id. She

says that she continues to look for a lawyer, and that it would be easier for her

if she had a lawyer, but that that is not why she hasn't yet completed the

interrogatories. Id.

> The plaintiff says:
>
> On October 21, 2024, the defendants requested to begin the case after the holidays so that they may enjoy the time to celebrate and spend their time enjoying their families and friends. In a perfect world if there weren't any funerals or holidays interfering with the set schedule there would be zero issues, but life happens and things change, dates change accordingly. Everything can't be controlled especially not death, mourning, or difficult people not willing to compromise even under the unforeseeable circumstances.
>
> This is why the courts must be involved. The plaintiff asks the court to see there was good faith and intentions in communication with the defendants to resolve the issue early on and the fact that the motion for extension was mailed and arrived at the courts on time with good intentions while it may have arrived at the wrong address. It was intentionally mailed on time alerting the courts of the current problem with the defendants. Let it be known that the defendants did receive their copy of the notice on time and before the deadline. The defendants didn't oppose or send threats until they were notified the motion was indeed filed and received by the courts.

Id. at 3.

> D.    <u>Analysis</u>

Federal Rule of Civil Procedure 33 governs interrogatories. Rule 33(b)(2)

requires a party to serve its answers to interrogatories "within 30 days after

being served with the interrogatories." The parties may agree to a longer or

shorter period, or the court may order a longer or shorter period, but without

agreement or a court order, a party must respond to interrogatories within

thirty days of receiving them. The same is true for requests for production of documents—Fed. R. Civ. P. 34(b)(2)(A) requires a party who receives a request for production of documents to respond in writing within thirty days of being served.

Rule 6(b) governs extensions of deadlines. Under Rule 6(b), the court may, for "good cause," extend a deadline prior to the expiration of that deadline. Fed. R. Civ. P. 6(b)(1)(A). If the deadline to act already has passed, the moving party must demonstrate both good cause and that the moving party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "'[G]ood cause' imposes a more difficult standard than 'excusable neglect' because the former 'implies justification rather than excuse (negligence can be excused but not justified).'" Bowman v. Korte, 962 F.3d 995, 998 (7th Cir. 2020) (quoting CFTC v. Lake Shore Asset Mgmt. Ltd., 646 F.3d 401, 404 (7th Cir. 2011)).

The defendant served the discovery requests on the plaintiff on March 13, 2024. Dkt. No. 75-1. That means the responses were due April 12, 2024—thirty days later. The court understands that on March 13, 2024, the plaintiff still was represented by counsel, and that the court allowed that attorney to withdraw just over a week before the April 12, 2024 deadline for responding to the interrogatories. It is possible that at that time, the plaintiff did not know about the thirty-day deadline.

But at the October 21, 2024 hearing—which the plaintiff attended—the court asked the defendant to re-serve the discovery demands, and "explained to the plaintiff that she was obligated to respond to the defendant's damages

11

discovery demands within thirty days of receiving them." Dkt. No. 71 at 2. The court did *not*, as the plaintiff claims in her reply, state that discovery responses were due thirty days before *trial*. That is not the law, and setting a discovery deadline thirty days before trial would not give either side sufficient time to prepare for trial. As of the October 21, 2024 hearing, this court had put the plaintiff on notice that she had thirty days to respond to the re-served discovery demands.[1]

The plaintiff says in her reply brief that on the evening of October 21, 2024, she "completely" read the interrogatories for the first time. At 6:04 p.m. on October 21, 2024—again, the evening of the hearing—the plaintiff sent an email to defense counsel:

> Good evening, I have received the document. Some of the requested items are items that have a later timeline by Judge Pamela Pepper. It's confusing having all the request combined into one deadline of 30 days.
>
> I have a funeral this week so I won't be able to work on any items until mid next week at the earliest. Not sure what I can provide right away and I will need to consult with an attorney.
>
> I will need to ask for additional time to be able to complete the request.
>
> It takes a week to get a consultation so that will leave me with only two weeks to complete a long list of requests wich [sic] is impossible.
>
> I'm not a lawyer and I won't pretend to be one so I'm requesting adequate time to complete your request and I don't have a time

---

[1] On October 22, 2024, the court issued its standard civil pretrial scheduling order. Dkt. No. 72. That order required the parties to file a final pretrial report by May 22, 2025—approximately a month before the June 16, 2025 trial date. That order says nothing about deadlines for complying with *discovery* demands.

frame other than working on what I have and submitting items as they're completed.

If this is fair enough, please confirm otherwise I will need to reach out to the courts so I will need to know sooner than later.

If I attain a lawyer right away then we can resume with the original time frame. The courts will be informed right away.

Let me know your thoughts and if you think this is a fair deal.

I don't have any tricks or schemes. I'd just like a fair trial with the truth and whole truth. Something I've never the opportunity to experience.

Dkt. No. 75-3 at 4-5.

It is not clear what the plaintiff meant when she wrote, "[s]ome of the requested items are items that have a later timeline by Judge Pamela Pepper." Again, the court—Judge Pamela Pepper—told the plaintiff earlier that day that she was required to respond to the defendant's re-sent discovery demands within thirty days of receiving them. The plaintiff's attempt to condition her responses to the discovery demands on retaining and attorney was improper and unreasonable—by October 21, 2024, she had been trying to find a lawyer for six months without success. The court had told her that it would not appoint counsel and that the case had to move forward. The plaintiff had a right to ask the defense to agree to an extension, but there is no requirement that the defendant agree to such a request.

On October 23, 2024, the plaintiff sent defense counsel another email, stating that she was following up on the email she'd sent two days earlier:

Please confirm or deny my request to submit items as they're completed. I'm getting help on understanding the items I'm required to submit and it may take a good while to complete.

13

As you already know, I have a family funeral tomorrow on Thursday, October 24, that I shared with you and your colleague on the previous court date on Monday. So this week has not been convenient to work on any urgent requests.

Please confirm my request or deny tomorrow morning at 10 am.

Dkt. No. 75-3 at 4. Defense counsel responded twenty minutes later:

Thank you for your follow-up message. As you know, our damages/expert discovery requests were served on you (through your counsel) several months ago in March of 2024. And you've had nearly as long to locate and retain new counsel to assist you in this matter. Notwithstanding the foregoing, at Monday's conference we agreed to resend our discovery requests to you and provide you with an additional 30 days (to November 22) to respond. As the Federal Rules of Civil Procedure support, this is an adequate amount of time to respond to the fairly discrete requests that we have propounded.

We understand that you have personal commitments over the next few days to which you must attend. Thereafter, you should immediately begin working on your responses to our requests. If, as the November 22 deadline gets closer, you believe that you may request a reasonable extension to respond to our requests, then you should reach out to us with a specific proposal for our consideration. But we cannot, at this time, provide an open-ended extension of time for you to respond to our requests, especially given the deadlines and discovery cutoffs the Court has set.

Id. at 3. At that point—as of October 23, 2024—the plaintiff was on notice that the deadline for her to respond to the discovery demands was November 22, 2024.

On October 25, 2024, the plaintiff emailed defense counsel:

[T]hank you for your response. I'm just receiving your email. Although the time you sent your request has been since March, I assure you that I've not been working on your request because during that time I was looking for a lawyer to complete your request. I'm not able to read your document and begin working on it until I have someone explain it to me so I know what I'm doing is correct.

14

Therefore based on receiving your request again on October 21, after the court date on Monday and after the funeral yesterday on Thursday, leaves me with just a couple of weeks to prepare and that amount of time won't be sufficient to learn what I need to do as well as complete the request.

Once I'm able to decipher your request I will get it to you as soon as I can. I will reach out to the courts to ask for an extension.

Thank you for your time and consideration.

Id. at 2-3.

The plaintiff's date calculations are questionable. She received the discovery demands October 21 and—taking her at her word—received the defendant's response on October 25. That left her twenty-eight days—not a couple of weeks, as she stated in the email—to complete her responses.

Defense counsel responded ten days later, on November 4, 2024:

I am following up on your below message. As you know, this case has been outstanding for years and needs to move forward to its conclusion. While I understand that you have been seeking new counsel since March, that does not provide you with justification to disregard your discovery obligations or further delay this matter. Especially now that the Court has set deadlines for the close of damages and expert discovery, pretrial submissions, and trial, it is important that you provide timely and complete responses to our discovery requests. You chose to bring this lawsuit against [the defendant] and have an obligation to move it forward in a reasonable manner.

As noted in my prior email to you, your discovery responses are currently due by no later than November 22. If, as that deadline nears, it appears as though you may require a reasonable extension of time to complete your responses, you can send us a specific request for consideration. However, please not [sic] that we will oppose any request—whether to us or to the Court—for an open-ended or lengthy extension so that you can continue to seek counsel.

Id. at 2.

15

As of November 4, the plaintiff still had eighteen days to respond to the discovery demands, and an offer from defense counsel to agree to a reasonable extension if she proposed one. Rather than ask defense counsel for a reasonable extension, however, the plaintiff appears to have prepared a motion for an extension of time. But instead of mailing it to this federal court (the court where her litigation has been pending for some five years), she mailed it to the Milwaukee County Circuit Court. That is a *state* court. The federal court system and the state court system are entirely separate, with different judges, different filing systems, different rules and (in some cases) different laws.

Further, the plaintiff had previously mailed other documents to this court. On June 25, 2024, the court received from the plaintiff her letter asking the court to reconsider its summary judgment ruling. Dkt. No. 64. She addressed that letter to the undersigned—Judge Pamela Pepper—at 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202. Id. at 1. That is the correct address for this *federal* court. On August 13, 2024, this court received the plaintiff's motion to appoint counsel. Dkt. No. 68. That document was filed after hours, in the court's after-hours drop box; it was in an envelope addressed to "Courthouse Clerks office, 517 E. Wisconsin Ave—Room 362, Milwaukee, WI 53202." Dkt. No. 68-1. The filings show that the plaintiff knows where this court is located. She has provided no explanation for why she mailed her motion for an extension of time to the Milwaukee County Circuit Court. Her motion reads as if she had nothing to do with the erroneous mailing; she insists that she "filed" the motion before the November 22, 2024

16

deadline and that it just "arrived" at the wrong address. The plaintiff did not "file" her motion with this court until December 12, 2024, almost three weeks after her deadline for responding to the discovery demands had expired. If a party wants a court to extend a deadline, it is that party's responsibility to timely file a motion seeking an extension, and to file that motion with the right court.

Defense counsel says that she received a copy of the (mis-addressed) motion on November 22, 2024. Dkt. No. 75 at ¶8. She says that when she received it, and in the couple of days after she received it, she checked this federal court's docket and saw that the motion had not been filed. Id. at ¶9. On November 25, 2024,[2] defense counsel emailed the plaintiff:

> We are in receipt of your attached "Motion for Extension of Time," which does not appear to have been filed with the Court, and write in response to it.
>
> As you know, your responses to Gateway's damages and mitigation discovery—comprised of just 10 interrogatories and 10 document requests—were due on November 22, 2024. As these requests were first served in March of 2024, you have had plenty of time to review them and compile the information responsive to them. Notwithstanding, we understand from the attachment that you are now seeking an extension of nearly 10 weeks, until January 30, 2025, to respond to our discovery requests. We are not willing to agree to such a lengthy extension. The Court has set deadlines for this case, including an expert disclosure deadline of February 28, 2025, a damages discovery cutoff of April 4, 2025, and a trial scheduled to begin on June 16, 2025. It is essential that we receive your discovery responses in order to comply with the foregoing deadlines and bring this case to closure.

---

[2] Defense counsel's affidavit says that she sent this email on November 24, 2024, but both the copy she submitted (Dkt. No. 75-4 at 3) and the copy the plaintiff submitted (Dkt. No. 76-1 at 4) show that it was sent on November 25, 2024.

However, as we now understand that recent personal family circumstances may have delayed your responses, we are willing to agree to push back your response deadline by two weeks from today—to December 9, 2024. If we do not receive full and complete responses by that date, then we will need to schedule a meet and confer conference for either December 10 or December 11, prior to filing our motion to compel (and seeking our fees for having to do so).

We appreciate your attend to this matter and will look forward to receiving your discovery responses on or before December 9, 2024.

Dkt. No. 76-1 at 4.

The plaintiff did not respond until December 2, 2024, a week later. Her responding email reads:

. . . Thank you for your email and I apologize for the late response due to the recent Thanksgiving holiday. My time with my family is very important to me.

I assure you the courts have been notified of the request for extension with tracking. I feel that you want to proceed with this matter as quickly as possible and I'm also eager to complete all the necessary paperwork to make sure we don't have any additional delays. I'm working on all of the requests simultaneously because the questions tend to overlap so by doing so it should speed things up for early next year.

I ask you to please be patient and understanding. You have my promise to get these documents to you as soon as I can, which is on or before January 30. I will work hard to get all of the documents completed beforehand but December 9 is not enough time.

I understand you must do what you need to do but know that my extension is genuine and pure. You are a lawyer and you have many other lawyers backing you and I'm just one person trying to be judged on the truth, respectfully.

Dkt. No. 75-4 at 2-3.

The plaintiff's statement to defense counsel on December 2, 2024 that the "courts" had been notified of her an extension motion "with tracking"

18

appears to be false. The court does not know how the plaintiff mailed her motion to the Milwaukee County Circuit Court, but it does know that on November 25—a week before the plaintiff sent this email to defense counsel—the Milwaukee Count Circuit Court clerk's office had sent the plaintiff a letter advising her that she'd sent the motion to the wrong court. The plaintiff's motion arrived at this federal court in a brown manila envelope that had been mailed by certified mail from Racine, Wisconsin (where the plaintiff lives), but the certified mail sticker reflects that it was mailed on *December 9*, 2024—a week *after* the plaintiff "assured" defense counsel that the "courts" had been notified. And as the court has said, this federal court did not receive the motion until December 12, 2024.

On Monday, December 9—the date on which defense counsel had agreed to extend the deadline for the plaintiff to provide the discovery, and the date on which the plaintiff mailed her motion for an extension of time to this court—defense counsel emailed the plaintiff, telling her that defense counsel had not received the discovery materials. Dkt. No. 75-4 at 2. Counsel stated that she understood from the plaintiff's December 2 email

> that—notwithstanding the extension we have already provided and our good faith efforts to confer with you regarding your discovery obligations—you do not intend to provide responses to those requests until January 30, 2025. Accordingly, [the defendant] will proceed with preparing and filing a Motion to Compel with the Court.
>
> Of course, if I have misunderstood your intentions, please do not hesitate to let me know as soon as possible.

Id.

19

The plaintiff does not grasp the seriousness of her discovery obligation. As defense counsel pointed out to her, the *plaintiff* chose to bring this lawsuit. When a person decides to use the court system to seek relief, that person must follow that court's rules (as must the defendant whom she sues). Even though the Federal Rules of Civil Procedure required her to respond to the defendant's discovery demands within thirty days of receiving them, and even though this court told the plaintiff at the October 21, 2024 hearing that she was required to respond to the demands within thirty days of receiving them, the plaintiff's communications with defense counsel show that she was under the impression that she had the authority to dictate the date on which she complied with the discovery demands. She chose January 30, 2025 and persisted in saying that that was when she would provide the discovery, even though defense counsel had made clear that the defendant would not agree to such a lengthy extension and even though the court had not ruled on (or even received) her motion for an extension to that date.

She persisted in that tone even after receiving defense counsel's December 9, 2024 email. The plaintiff herself provided the court with an email she sent to defense counsel on December 11, 2024, two days after defense counsel advised her that the defendant would file a motion to compel:

> Thank you for the update. I filed a motion for extension to the courts before the deadline. I apologize for the inconvenience. I was notified from another court that the paperwork was sent to a different court address which is why you did not see the correspondence.
>
> I'm waiting to hear back from the courts.

20

I am working to get those documents completed as soon as possible and I may complete them before or by January 30 as stated in my previous email.

I will send what I have completed at the end of December. I will try to complete it all. It's a lot to provide which is why the extension is necessary.

I may have questions for you? Would you be able to answer any questions I have regarding some of your requests? If not, just let me know.

Thank you for your patience and understanding.

We will get through this and complete it on time. You have my word.

Dkt. No. 76-1 at 2.

Again, the plaintiff did *not* file her motion for an extension of time before the November 22, 2024 deadline. Again, she speaks as if someone else sent the motion to the Milwaukee County Circuit Court and she had nothing to do with that error. And again, she speaks as if she has the authority to decide when she will comply with the discovery requests, even though the Federal Rules of Civil Procedure and this court's directive govern that deadline.

The court understands that the plaintiff is not a lawyer. But many non-lawyers represent themselves in federal court. Some of them have little education, some have mental health problems, some have health issues. Yet most of them figure out how to comply with the applicable rules, including complying with discovery demands. And most of them understand that if a court tells them they must do something by a certain date, they need to do it by that date.

Further, although some of the defendant's discovery demands may need explanation, others do not. It is not clear why the plaintiff insists that she cannot respond without help. The interrogatories—even the ones with subparts—ask for information the plaintiff should have. She should know who has knowledge of the facts she alleged in her complaint. She should know the efforts she's made to find jobs since her employment with the defendant ended and the jobs she's been offered. She should know how much money she's seeking in this lawsuit and how she came up with that amount. As for the requests for documents, several of them relate to documents she can obtain from any expert she expects to testify at trial. Others relate to documents she should have in her possession; if she doesn't have them, she may tell the defendants that she doesn't have any such documents.

The court will deny the plaintiff's request to extend until January 30, 2025 the deadline for producing the discovery. At this point, she has had two months to gather the information and documents requested. The defendant is entitled to any evidence that supports the plaintiff's claims. The plaintiff's refusal to make some effort to comply with the original November 22, 2024 deadline, or the extended December 9, 2024 deadline, is prejudicial to the defendant, who is trying to prepare for trial.

## III. Conclusion

The court **DENIES** the plaintiff's motion for an extension until January 30, 2025 of the deadline for producing the discovery the defendant has demanded. Dkt. No. 73.

The court **ORDERS** that the plaintiff must respond to the defendant's interrogatories and requests for production of documents by the end of the day on **January 10, 2025**. If the plaintiff does not provide the materials responsive to the defendant's interrogatories and requests for production of documents by the end of the day on January 10, 2025, the defendant may file a motion to compel, including a request for sanctions under Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). That rule authorizes sanctions such as prohibiting the plaintiff from using the nondisclosed evidence at trial, an award of attorney's fees caused by the failure to respond and/or dismissal of the case. Id. This court also has the authority to dismiss a case when it appears that a plaintiff is not diligently pursuing it. Civil Local Rule 41(b) (E.D. Wis.).

Dated in Milwaukee, Wisconsin this 20th day of December, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**