# Email Documents



Sandra Gray-Rohan <grayrohan19@gmail.com>

## Re: Gateway Technical College's Interrogatories and Request for Production of Documents [QBLLP-ACTIVE.FID39346204]

1 message

**Sandra Gray-Rohan** <grayrohan19@gmail.com>      Sat, Jan 11, 2025 at 7:05 AM
To: "Davis, Lindsey W." <Lindsey.Davis@quarles.com>

Thank you Lindsey, I thought you were out of the office yesterday,

The additional information/documents are directly related to the response of the expert witness testimonies and will come soon with the supplemental responses. The response to the request for expert witnesses to provide information on all documents and electronically-stored information, including correspondence, expert reports, and drafts of reports, that were prepared by any person you expect to call as an expert witness with respect to damages in this matter and that contain the expert's opinions and stated basis for those opinions can't be concluded at this time or submitted in it's complete form before retaining and communicating in a manner that an answer to damages can be identified and/or submitted in the form of documents and electronically-stored information, including correspondence, expert reports, and drafts of reports, and answers to the questions related to those damages. The "more to come" documents will be supplied by email as a supplemental response including all documents/correspondence, expert reports, and drafts of reports from the experts retained with full disclosure. The supplemental responses have been identified in the sections in the interrogatory response document. There were a couple of sections identified for supplemental responses. These response will be provided in a timely fashion.

I'd like to add that my current employer's salary is $130.00 per day. I included the hiring document but I'm not sure the pay is on the document. My hours worked are approximately 30-40 hours per week. I'm currently a substitute teacher.


blessings,

Sandra Gray-Rohan


On Fri, Jan 10, 2025 at 3:07 PM Davis, Lindsey W. <Lindsey.Davis@quarles.com> wrote:

> Hi Ms. Gray-Rohan,
>
>
> This message is to confirm that I received seven emails from you between 4:53 a.m. and 5:09 a.m. this morning. The final message, sent at 5:09 a.m. indicated "more to come later." The first six emails each had attachments.
>
>
> Thank you,
>
> Lindsey



**Lindsey Davis | (she/her) | Partner**
lindsey.davis@quarles.com | D. 414-277-3073
Quarles & Brady LLP
411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428
Bio | vCard | quarles.com | LinkedIn
Assistant: Mary Fingar, 608-283-2646

**From:** Sandra Gray-Rohan <grayrohan19@gmail.com>
**Sent:** Friday, January 10, 2025 1:07 PM
**To:** Davis, Lindsey W. <Lindsey.Davis@quarles.com>
**Subject:** Re: Gateway Technical College's Interrogatories and Request for Production of Documents [QBLLP-ACTIVE.FID39346204]

Okay well, you must be out of the office. I'll send the rest of the documents later today. I will send paper copies to follow.

Enjoy your weekend,

Blessings,

Sandra Gray-Rohan

On Fri, Jan 10, 2025, 1:32 PM Sandra Gray-Rohan <grayrohan19@gmail.com> wrote:

> Good afternoon Lindsey,
>
> Please confirm that you received the documents from this morning?
>
> Blessings,
>
> Sandra Gray-Rohan
>
> On Fri, Jan 10, 2025, 6:08 AM Sandra Gray-Rohan <grayrohan19@gmail.com> wrote:
>
>> more to come later,
>>
>> Sandra Gray-Rohan
>>
>> On Thu, Jan 2, 2025 at 10:03 AM Davis, Lindsey W. <Lindsey.Davis@quarles.com> wrote:

Hi Ms. Gray-Rohan,

Yes, this is the appropriate email address to send me your discovery responses. As a reminder, we have propounded both interrogatories and document requests.

Thank you,

Lindsey

# Quarles

**Lindsey Davis | (she/her) | Partner**

lindsey.davis@quarles.com | D. 414-277-3073

Quarles & Brady LLP

411 East Wisconsin Avenue, Suite 2400, Milwaukee, WI 53202-4428

Bio | vCard | quarles.com | LinkedIn

Sandra Gray-Rohan

On Mon, Oct 21, 2024 at 4:17 PM Davis, Lindsey W. <Lindsey.Davis@quarles.com> wrote:

Good afternoon, please see attached correspondence from Attorney Lindsey W. Davis.

Regards,

**Quarles**

**Mary K. Fingar | Legal Assistant**

mary.fingar@quarles.com | D. 608-283-2646

Quarles & Brady LLP

33 East Main Street, Suite 900, Madison, WI 53703-3095

quarles.com | LinkedIn

CONFIDENTIALITY NOTICE: This electronic mail transmission and any attachments are confidential and may be privileged. They should be read or retained only by the intended recipient. If you have received this transmission in error, please notify the sender immediately and delete the transmission from your system. This communication is not intended to constitute an electronic signature unless expressly stated otherwise.

# Interrogatory Questions from the defendants

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA GRAY-ROHAN,

      Plaintiff,

v.                                                                            Case No. 19-CV-1032

GATEWAY TECHNICAL COLLEGE

      Defendants.

## DEFENDANT'S INTERROGATORIES AND
## REQUESTS FOR PRODUCTION OF DOCUMENTS

To:    Sandra Gray-Rohan
        2514 E. Crescent Dr.
        Racine, WI 53403
        grayrohan19@gmail.com

Pursuant to Fed. R. Civ. P. 33 and 34, Defendant, Gateway Technical College ("Gateway"), serves the following interrogatories and document requests and requires that Plaintiff, Sandra Gray-Rohan ("Gray-Rohan"), produce at the office of Quarles & Brady, LLP, 411 East Wisconsin Avenue, Suite 2400, Milwaukee, Wisconsin 53202-4426, responses within thirty (30) days of service upon her.

### DEFINITIONS

1.     Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.     Document. The term "document" includes writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, translated, if necessary, by Gray-Rohan through detection devices into usable form. A draft or non-identical copy is a separate document within the meaning of this term.

1

3. To Identify.

   a. With Respect to Persons. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

   b. With Respect to Documents. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

4. Person. The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

5. You or Your. The terms "you" or "your" means Plaintiff Sandra Gray-Rohan.

6. Healthcare Provider. The term "healthcare provider" means a person who, in any way, practices or has practiced in any of the medical or healing arts, including but not limited to, physicians, surgeons, psychiatrists, osteopaths, chiropractors, nurses, physical therapists, counselors, occupational therapists or other therapists, and psychologists.

7. Complaint. The term "Complaint" means your complaint filed with the United States District Court, Eastern District of Wisconsin, Case Number 19-CV-1032.

## INSTRUCTIONS

1. If you are unwilling to provide the requested information, totally or in part, with respect to any interrogatory, for example, but without limitation, because you claim it to be privileged, identify the privilege claimed and briefly state the grounds upon which the claim of

2

privilege rests and nonetheless delineate the information that is being withheld so that Defendant may meaningfully decide whether to move to compel production of that information.

2. In answering these discovery requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry including, but not limited to, information in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with you and anyone else otherwise subject to your control.

3. In answering these discovery requests, you must make a diligent search of your records and of papers and materials in your possession or available to you or your attorneys and representatives.

4. If any discovery request cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

5. These discovery requests are continuing, and the responses thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

## INTERROGATORIES

1. Identify each person answering these Interrogatories or assisting in answering these Interrogatories. If more than one person answered these Interrogatories, list each person, and identify the specific Interrogatories that he or she answered and which portion(s) he or she answered.

2. Identify all persons presently known with knowledge of any facts that may support your claim for damages in this matter; and for each such person, summarize the facts that person knows.

3

3.  Identify each person presently known with whom you or your representatives have communicated or attempted to communicate concerning your claim for damages in this matter. For each person also identify when you communicated with that person and the subject of the communication.

4.  For each person you intend to use as an expert witness with respect to damages in this litigation, please provide:

    a.  The person's name;

    b.  The person's address and telephone number; and

    c.  A summary of the subject matter of the person's relevant knowledge and/or testimony, the substance of the facts and opinions to which each expert is expected to testify, and a summary of the grounds for each opinion expressed by the expert.

5.  Identify all healthcare providers with whom you have consulted or whom have in any way examined, treated, counseled, or cared for you with respect to any physical, mental, or emotional condition, at any time between January 1, 2014, to the present, and for each such healthcare provider provide:

    a.  The date(s) of treatment or services;

    b.  The injury, illness, diagnosis, or condition for which you received treatment from the health care provider;

    c.  The nature and extent of the treatment received;

    d.  Any diagnosis that was issued; and

    e.  Whether the treatment was allegedly related to or the result of the

6.  Describe completely all efforts you made from December 14, 2016 until the present to find employment and/or reduce your damages after your employment with Gateway ended, including when, where, with whom, and how you sought employment, the type of employment sought, and the results of those efforts.

4

7. List all job positions you have been offered, held, or in which you have been employed since December 14, 2016 and for each, list your dates of employment, name of employer, hours, last rate of pay, and reason for leaving employment.

8. Identify with specificity all sources and amounts of income you have had since December 14, 2016.

9. Identify with specificity all sources and amounts of local, state, or federal government compensation or benefits, including but not limited to unemployment compensation benefits or Supplemental Security Income benefits, you received since December 14, 2016.

10. State with specificity the amount of damages you seek in this action, if any, and how you calculate the figure, including, without limitation, a detailed explanation of the relationship between all numbers you use (i.e., dollars, percentages, and/or hours) and all factual assumptions underlying the calculations. unlawful conduct alleged in the Complaint.

## DOCUMENT REQUESTS

1. Produce all documents and electronically-stored information relied upon, identified, or referred to in responding to Defendant's First Set of Interrogatories.

2. Produce all documents and electronically-stored information, including correspondence, expert reports, and drafts of reports, that were prepared by any person you expect to call as an expert witness with respect to damages in this matter and that contain the expert's opinions and stated basis for those opinions. If more than one expert witness is contemplated, please identify or segregate your response per expert.

3. Produce all documents and electronically-stored information which any person you plan to call as an expert witness with respect to damages reviewed, considered, prepared, or used as a part of or in the process of forming his or her opinions and conclusions, including but

5

not limited to all notes, documents, correspondence, or other communication to or from the expert and you or your representative, and any notes or other records relating to any evaluation or examination of you performed by the expert witness. If more than one expert witness is contemplated, please identify or segregate your response per expert.

4. Produce the curriculum vitae for any person you plan to call as an expert witness with respect to damages.

5. Produce all documents and electronically-stored information (including but not limited to emails and correspondence) you submitted to or received from any local, state or federal government agency or department relating to any form of compensation or benefits that you sought or received from such entities, including but not limited to unemployment compensation benefits or Supplemental Security Income benefits, from December 14, 2016 until the present.

6. Produce all documents from January 1, 2014 until present from any healthcare provider or institution that has in any way treated, examined, counseled, or cared for you for any condition, physical or mental, that you believe relates to the allegations in your Complaint.

7. Produce all documents and electronically-stored information which relates to your efforts to find work and/or reduce your damages both on or after December 14, 2016, including, but not limited to, a log or diary of your efforts, resumes and applications sent out, advertisements answered, written offers of employment, letters of rejection, and agreements entered into with employment agencies and/or employment/vocational counselors.

8. Produce all documents and electronically-stored information which relate to your hire by, employment with, discharge by, and/or layoff from all employers with whom you have been employed on or after December 14, 2016.

9. Produce all documents and electronically-stored information, including but not limited to federal and state tax returns (including all attachments and schedules) filed by you, your spouse (if you are married), and any and all corporations, partnerships, or other business entities in which you or your spouse (if you are married) is a partner or has at least 10% controlling interest, W-2's, pay stubs, or 1099 Forms, that relate in any way to your income earned in the years 2014 through the present. If you do not have these documents in your possession, please inform us immediately and we will provide to you for signature forms to obtain these documents from the IRS.

10. Produce all documents and electronically-stored information reflecting or related to your damages and/or computation of your damages, including but not limited to documents related in any way to the answer to Interrogatory 10.

Dated this 13th day of March, 2024.

> QUARLES & BRADY LLP
>
> s/Lindsey W. Davis
> Lindsey W. Davis
> State Bar No. 1089654
> Sean M. Scullen
> State Bar No. 1034221
> 411 East Wisconsin Avenue, Suite 2350
> Milwaukee, WI 53202-4426
> Telephone: 414.277.3073
> Facsimile: 414.978.8303
> E-mail: lindsey.davis@quarles.com
>         sean.scullen@quarles.com
> *Attorneys for Defendant*