UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SANDRA GRAY-ROHAN,

    Plaintiff,

v.                                                Case No. 19-CV-1032

GATEWAY TECHNICAL COLLEGE,

    Defendant.

## DECLARATION OF LINDSEY W. DAVIS

LINDSEY W. DAVIS, declares, pursuant to 28 U.S.C. § 1746, as follows:

1. I am one of the attorneys representing Gateway Technical College ("Gateway") in the above-referenced matter. I am licensed to practice in the State of Wisconsin. I base this declaration on my personal knowledge and my review of files in this matter.

2. From 2014 through 2017, Plaintiff Sandra Gray-Rohan ("Plaintiff") filed numerous charges of discrimination against Gateway before the Wisconsin Department of Workforce Development Equal Rights Division ("ERD") and the United States Equal Employment Opportunity Commission ("EEOC"). On November 15, 2017, the ERD issued initial determinations of no probable cause for two of Plaintiff's ERD complaints. (No. CR201700864 and No. CR201604893). On December 11, 2017, Plaintiff appealed both of these initial determinations, and on December 13, 2017, the ERD certified both cases for a hearing on the issue of probable cause.

3. In preparation for a hearing on the issue of probable cause, the parties engaged in extensive discovery. Plaintiff, who was then represented by counsel, propounded discovery requests on Defendant on January 16, 2018. A true and correct copy of Plaintiff's discovery

requests are attached as Exhibit A. In response to these discovery requests, Defendant produced hundreds of pages of documents, including Plaintiff's personnel file. In 2018, Plaintiff's counsel also took depositions of Defendant's employees, including Jayne Herring and John Frost.

4. On April 10, 2019, after the parties engaged in this discovery, but before the hearing on the issue of probable cause, Plaintiff requested to withdraw her complaints before the ERD so that Plaintiff could pursue her claims in federal court. On April 19, 2019, the ERD issued an Order of Dismissal and on April 29, 2024, the EEOC issued Plaintiff her Notice of Right to Sue. On July 18, 2019, Plaintiff filed her federal court complaint against Gateway.

5. On March 13, 2024—after receiving the Court's final order relating to Defendant's Motion for Summary Judgment—Defendant served Interrogatories and Requests for Production of Documents on the issues of damages and experts on Plaintiff via U.S. Mail and email. At Plaintiff's request, immediately following the Court's October 21, 2024, Scheduling Conference, Defendant re-served its March 13, 2024, discovery requests on Plaintiff via U.S. Mail and email.

6. Defendant completed all discovery on the issues of damages and experts before the Court's April 4, 2025 deadline for doing so. Plaintiff did not propound any damages or experts related discovery on Defendant prior to the foregoing deadline.

7. On May 18, 2025, more than six weeks after the close of damages discovery and more than four and a half years after the close of discovery on all matters unrelated to damages and experts, Plaintiff emailed me a list of ten (10) informal discovery requests. A true and correct copy of Plaintiff's informal discovery requests are attached as Exhibit B. Among other things, Plaintiff sought her personnel file, copies of personnel files for six other individuals, a list of all employees hired in Gateway's marketing department from 2000 to present, and documents sent to and received from "Bjorklund Agency (3rd Party) on reclassifications, promotions, change of work

2

assignments requested, and any correspondence for all positions held under Jayne Herring and Kristin Gunia during their employment at Gateway Technical College…".

8. On May 19, 2025, Plaintiff served Gateway with formal discovery requests. A true and correct copy of Plaintiff's formal discovery requests are attached as Exhibit C. Plaintiff's formal discovery requests largely mirrored her informal requests, but included several notable additions. Plaintiff requested that Gateway produce all documents it submitted to or received from any local, state, or federal government agency or department relating to any form of compensation, reclassifications, or benefits from January 1, 2005, until the present. Plaintiff also requested that Gateway identify all persons working under Jayne Herring and Kristin Gunia during their employment with Gateway and produce documents relating to their hire and employment.

9. On May 19, 2025, I responded to Plaintiff's formal discovery requests. I informed Plaintiff that both fact and expert/damages discovery for this matter long-since closed, and therefore Gateway was not required, and would not, respond to Plaintiff's discovery requests. I informed Plaintiff that Gateway would disclose its witnesses in accordance with any pretrial deadlines set by the Court. A true and correct copy of my May 19, 2025 response to Plaintiff is attached as Exhibit D.

10. After I informed Plaintiff that Gateway did not intend to provide responses to Plaintiff's untimely discovery requests, Plaintiff made no further attempt to meet and confer with me or any of Gateway's counsel regarding her discovery requests.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2025.

*/s/Lindsey W. Davis*
Lindsey W. Davis