# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Sandra Gray-Rohan,      Case No. 19-cv-1032

    Plaintiff,

v.

Gateway Technical College,

    Defendant

## PLAINTIFF's INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

To: Gateway Technical College

c/o Lindsey W. Davis Lindsey W. Davis
Sean M. Scullen
411 East Wisconsin Avenue,
Suite 2350 Milwaukee, WI
53202-4426

Pursuant to Fed. R. Civ. P. 33 and 34, Plaintiff, Sandra Gray-Rohan ("Gray-Rohan"), serves the following interrogatories and document requests and requires that defendant, Gateway Technical College ("Gateway") produce at the address of the plaintiff at 8000 Waters Avenue #39, Savannah, GA 31406 within (30) days of service upon her.

## DEFINITIONS

1.      Communication. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.      Document. The term "document" includes writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained,

translated, if necessary, by Gateway Technical College through detection devices into usable form. A draft or non-identical copy is a separate document with the meaning of this term.

3. To Identify.

a. With Respect to Persons. When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address and telephone number, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

b. With Respect to Documents. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s), and recipient(s).

4. Person. The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

5. You or Your. The terms "you" or "your" means defendant, Gateway Technical College.

**INSTRUCTIONS**

1. If you are unwilling to provide the requested information, totally or in part, with respect to any interrogatory, for example, but without limitation, because you claim it to be privileged, identify the privilege claimed and briefly state the grounds upon which the claim of privilege rests and nonetheless delineate the information that is being withheld so that Defendant may meaningfully decide whether to move to compel production of that information.

2. In answering these discovery requests, you are required to furnish all information that is available to you or subject to your reasonable inquiry including, but not limited to, information in the possession of your attorneys, accountants, advisors, or other persons directly or indirectly employed by or connected with you and anyone else otherwise subject to your control.

3. In answering these discovery requests, you must make a diligent search of your records and of papers and materials in your possession or available to you or your attorneys and representatives.

4. If any discovery request cannot be answered in full, answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

5. These discovery requests and the responses thereto must be supplemented to the maximum extent authorized by law and the applicable rules.

## INTERROGATORIES

1. Identify the defendant's updated witness list. Include contact information, name, address, phone, and email addresses).

2 .Identify a list of all employees hired in the marketing department from 2000 to present and include the following:

(a) copy of their job description(s)

(b) list the name of their supervisor(s),

(c) status of employment (presently working, resigned, or fired/terminated, and provide dates

(c) their contact information (home address, email, and phone number).

# DOCUMENT REQUESTS

1. Produce all documents and electronically-stored information, including correspondence, expert reports, and drafts of reports, that were prepared by any person you expect to call as an expert witness with respect to defense in this matter and that contain the expert's opinions and stated basis for those defenses. If more than one expert witness is contemplated, please identify or segregate your response per expert.

2. Produce all documents and electronically-stored information which any person you plan to call as an expert witness with respect to defenses reviewed, considered, prepared, or used as a part of or in the process of forming his or her opinions and conclusions, including but not limited to all notes, documents, correspondence, or other communication to or from the expert and you or your representative, and any notes or other records relating to any evaluation or examination of you performed by the expert witness. If more than one expert witness is contemplated, please identify or segregate your response per expert.

3. Produce all documents and electronically-stored information (including but not limited to emails and correspondence) you submitted to or received from any local, state or federal government agency or department relating to any form of compensation, reclassifications, or benefits from January 1, 2005, until the present.

4. Produce all documents and electronically-stored information which relate to the hiring of any and identify all person's working under Jayne Herring and Kristin Gunia, during their employment with gateway Technical college or by any other means whether intern or outside agency working as a

freelance graphic designer, including and not limited to discharge by, and/or layoff on or after Jayne Herring's employment start date to present.

5. Produce a printed copy of Sandra Gray-Rohan's employee personnel file including all and any information, without any exclusions from the file.

6. A printed copy of Kristin Gunia's complete employee personnel file including all and any information, without any exclusions from the file.

7. A printed copy of Jayne Herring's employee personnel file including all and any information, without any exclusions from the file.

8. A printed copy of AnnMarie Klyzub-Ruggierro's employee personnel file including all and any information, without any exclusions from the file.

9. A printed copy of Sandra Kolbow's (Dembroski) employee personnel file including all and any information, without any exclusions from the file.

10. A printed copy of Greg Lebrick's employee personnel file including all and any information, without any exclusions from the file.

10. A printed copy of Nathan Wells's employee personnel file including all and any information, without any exclusions from the file.

10. Provide documents sent to and received from Bjorklund Agency (3rd Party) on reclassifications, promotions, change of work assignments requested, and any correspondence for all positions held under Jayne Herring and Kristin Gunia during their employment at Gateway Technical College, past and present.

(a) Disclose and Identify all contact persons from Bjorklund involved in communication to and from Bjorklund during the correspondence and their contact information. (address, phone and email).

Due to the time constraints of the date of the status conference the plaintiff is sending this request by email. Plaintiff will send a formal request for production of documents to follow by mail. Plaintiff requests that you provide these documents on or by June 18, 2018. Please confirm that you have received the request.

Dated this 19th day of May 2025.

Sandra Gray-Rohan  
8000 Waters Avenue, #39  
Savannah, GA 31406  
Grayrohan19@gmail.com