SANDRA GRAY-ROHAN,

        Plaintiff,

v.

        Case No. 19-cv-1032-pp

GATEWAY TECHNICAL COLLEGE,

        Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO PAY FILING FEE (DKT. NO. 168), GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ON APPEAL WITHOUT PREPAYING APPELLATE FILING FEE (DKT. NO. 176), DENYING PLAINTIFF'S MOTION TO STAY TAXATION OF COSTS PENDING APPEAL (DKT. NO. 175), DENYING PLAINTIFF'S MOTION TO PROTECT PERSONAL IDENTIFIERS AND SEAL SENSITIVE INFORMATION (DKT. NO. 178) AND DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SUBMIT EXHIBITS (DKT. NO. 179)**

        On January 14, 2026, the jury returned a verdict in favor of the defendant and the court entered judgment on the plaintiff's retaliation claim under Title VII of the Civil Rights Act. Dkt. Nos. 155, 157. The next day, the plaintiff, who is representing herself, filed a notice of appeal. Dkt. No. 160. On January 16, 2026, the court received from the plaintiff a motion for a twenty-one-day extension of time by which to pay the appellate filing fee, dkt. no. 168, and on January 22, 2026, the defendant filed its brief in opposition to the motion, dkt. no. 173. The plaintiff since has filed motions to (1) stay the taxation of costs pending appeal, dkt. no. 175, (2) appeal without prepaying the appellate filing fee, dkt. no. 176; (3) protect personal identifiers and seal sensitive information, dkt. no. 178; and (4) extend time to submit exhibits, dkt. no. 179. The court will grant the plaintiff's motion

1

for leave to proceed without prepaying the appellate filing fee and deny the other motions.

I. **Plaintiff's Motion for Extension of Time to Pay the Filing Fee (Dkt. No. 168) and Motion for Leave to Proceed Without Prepaying the Appellate Filing Fee (Dkt. No. 176)**

A. <u>Motion to Extend Time to Pay the Filing Fee</u>

Federal Rule of Appellate Procedure 3(e) states that the appellate filing fee must be paid "[u]pon filing a notice of appeal." That means that the filing fee was due on January 15, 2026—the day the plaintiff filed her notice of appeal. Federal Rule of Appellate Procedure 26(b) states that "[f]or good cause, the court may extend the time prescribed by these rules . . . to perform any act." The plaintiff's January 16, 2026 motion to extend her time to pay the appellate filing fee contains nothing more than a vague reference to "financial and logistical constraints." Dkt. No. 168. <u>See</u> <u>Allen v. Hanks</u>, No. 15-CV-863, 2016 WL 31269, at * (S.D. Ill. Jan. 4, 2016) (finding a plaintiff failed to show good cause because they did not provide any explanation as to why the extension was necessary). The court will deny the motion.

B. <u>Motion for Leave to Proceed Without Prepaying the Filing Fee</u>

The Federal Rules of Appellate Procedure allow a party in a district court case who wants to appeal without prepaying the appellate filing fee to file a motion with an affidavit that (1) shows the party's inability to pay or to give security for fees and costs; (2) claims an entitlement to relief; and (3) states the issues that the party intends to present on appeal. Fed. R. App. P. 24(a)(1). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. §1915(a)(3).

2

An appeal is not taken in good faith if no reasonable person could suppose it has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The plaintiff paid the district court filing fee when she filed her original complaint (on July 18, 2019), but now, six and a half years later, she seeks to proceed with her appeal without prepaying the appellate fee. In her request to proceed without prepaying the fee, the plaintiff has filed an affidavit dated January 28, 2026, listing her average monthly employment income for the prior twelve months as $802[1] and her spouse's income for that same period as $861. Dkt. No. 176 at 2. But in a box titled "Other (specify)," she wrote "self employment Tips included above," then listed her "Total monthly income" as "$1709." Id. The source of the additional $907 is not clear. In the section titled "Amount expected next month," the plaintiff wrote that she expected no income from employment and only $473 from self-employment, and that her spouse expected $1,971. Id. Those projections would total income of $2,444 in anticipated income.

The plaintiff averred that she had $50.62 in shared bank accounts or financial institutions and that she owned two vehicles worth approximately $21,000, but she asserted that each vehicle is "subject to loan/lien" and has "limited or no equity." Id. at 3-4. She averred that her eighteen-year-old son relies on her for support and that she pays $1,620 monthly in rent

---

[1] The plaintiff listed one employer as "ESS" in Savannah, Georgia and stated that her income from that employer "varies mixed income sources." Dkt. No. 176 at 2. She listed a second employer as "Meijer" in Oak Creek, Wisconsin, but said she worked there from August 2023 to September 2024 and made only $20. Id.

(shared with her spouse). Id. at 4. The page on which the plaintiff lists her monthly expenses is difficult to follow—there are notes in some places, some expenses are identified as "shared" while others are not, some are marked out. Id. at 5. In the "Total monthly expenses" box, the plaintiff lists her expenses as $1,567 and her spouse's expenses as $395. Id. The plaintiff concluded by asserting that she lacks "sufficient income or assets to prepay fees or post a bond without sacrificing basic household necessities." Id. at 6. Although the court cannot follow the plaintiff's math or clearly identify her expenses, it appears that her rent and expenses (combined with those of her spouse) equal or exceed the total, combined income she and her spouse receive. The court finds that the plaintiff is indigent.

The court also must consider the claims for which the plaintiff argues she is entitled to appellate relief. In the affidavit accompanying her motion to proceed without prepaying the appellate filing fee, the plaintiff left blank the section that asked her to describe her issues on appeal. Dkt. No. 176 at 1. In her notice of appeal, she states that she is going to appeal "the Court's summary judgment rulings, evidentiary exclusion orders, and any rulings limiting Plaintiff's claims, evidence or theories of liability." Dkt. No. 160 at 1. The plaintiff was represented by counsel through summary judgment, and that counsel successfully defended against the defendant's summary judgment motion on the retaliation claim. The court granted summary judgment in favor of the defense on all other claims, including the plaintiff's discrimination claim, and dismissed all but the retaliation claim. The jury concluded that the plaintiff had not proven her retaliation claim by a preponderance of the evidence, but the notice of appeal does not state that

4

the plaintiff is challenging the jury's verdict. Rather, she appears to propose to challenge the court's summary judgment rulings (presumably only those in the defendant's favor, although she does not say as much) and the court's evidentiary and legal rulings (presumably, those that were not in her favor, although again, she does not say as much).

To the extent that the plaintiff broadly challenges all the court's rulings dismissing any of her claims and all evidentiary rulings that were not in her favor, it is difficult for the court to conclude that the plaintiff has not met the low bar of "good faith." The court will allow the plaintiff to proceed without prepaying the filing fee.

The plaintiff should be aware that although 28 U.S.C. §1915(a)(1) allows the court to authorize a plaintiff to proceed on appeal without *prepaying* the filing fee, it does *not* authorize the plaintiff to proceed "without *ever* paying fees." Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) (citing Robbins v. Switzer, 104 F.3d 895, 897-98 (7th Cir. 1997)). The plaintiff must pay the appellate filing fee over time, as she is able.

## II. Plaintiff's Motion to Stay Taxation of Costs Pending Appeal (Dkt. No. 175)

On January 26, 2026, the court received from the plaintiff a one-page motion asking the court to stay the taxation of costs pending the resolution of her appeal because "[t]axing costs at this stage may prove inefficient or inequitable should the judgment be modified or reversed." Dkt. No. 175 at 1. The plaintiff asserts that she is facing "significant financial hardship" and says that "immediate taxation of costs would impose an undue burden." Id.

5

She asserts that a stay would not prejudice the defendant and would promote judicial economy. Id.

The defendant opposes the motion, asserting that the plaintiff did not provide any facts or legal arguments in support of the motion. Dkt. No. 181 at 1. The defendant also says that the plaintiff "fails to establish a strong showing of success on appeal, that she will suffer irreparable injury absent the stay, or that granting her stay is in the public's interest." Id.

On January 21, 2026—about a week after the jury returned its verdict—the defendant filed its proposed bill of costs, seeking $3,456.35 for printed or electronically recorded transcripts necessarily obtained for the case and "other costs." Dkt. No. 170 at 1. On January 22, 2026, the Clerk of Court issued a briefing letter, advising that objections to the bill of cost were due February 4, 2026; if the non-claiming party objected, the claimant's response was due February 11, 2026 and the non-claiming party's reply (if any) was due February 18, 2026. Dkt. No. 172. On January 26, 2026, the court received timely objections from the plaintiff. Dkt. No. 174. On February 10, 2026, the defendant responded to the plaintiff's objections. Dkt. No. 180. The plaintiff did not file a reply.

Federal Rule of Civil Procedure 54(d)(1) states that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." See Contreras v. City of Chicago, 119 F.3d 1286, 1295 (7th Cir. 1997). Civil Local Rule 54(a) (E.D. Wis.) requires that "no later than 14 days after the entry of the judgment, the party in whose favor a judgment for costs is awarded or allowed by law and who claims the party's costs must file the party's bill of costs and serve the bill of costs on

6

all opposing parties." The Civil Local Rules allow parties to stipulate to a delay in the filing of the bill of costs until after an appeal is decided, but say that "[a]bsent a filed stipulation or Court order, the appeal will not delay the taxing of costs." Civil L. R. 54(a)(2)(a)(2). A district court can "award costs while a case is on appeal, and an expeditious ruling on a bill of costs is favored to avoid piecemeal appeals." Collins v. United States, Case No. 03-C-2958, 2008 WL 4549303, at *1 (N.D. Ill. April 24, 2008) (citing Lorenz v. Valley Forge Ins. Co., 23 F.3d 1259, 1260 (7th Cir. 1994)).

Ultimately, "'[a] stay is an intrusion into the ordinary processes of administration and judicial review . . . .'" Equal Employment Opportunity Commission v. Rogers Behavioral Health, Case No. 19-cv-935-pp, 2022 WL 5117712, *1 (E.D. Wis. Oct. 4, 2022) (quoting Nken v. Holder, 556 U.S. 418, 427 (2009). It is "'an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case.'" Id. (quoting Nken, 556 U.S. at 433). The court considers the following four factors in deciding whether to impose a stay:

> (1) whether the stay applicant has made a strong showing that [s]he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Id. (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). "'The party requesting a stay bears the burden of showing that the circumstances justify'" a stay. Id. (quoting Nken, 556 U.S. at 433–34 (citations omitted).

The plaintiff has not made a strong showing—or any showing—that she is likely to succeed on the merits. Her notice of appeal states that she is appealing the court's adverse rulings but she has not identified the specific

issues she will raise on appeal. At summary judgment, the court found that plaintiff had not identified a genuine dispute of material fact for all but one of her claims, and the jury concluded that the plaintiff did not prove that remaining claim—her claim that she was terminated in retaliation for a protected activity—by a preponderance of the evidence.

Nor has the plaintiff demonstrated that she will be irreparably injured absent a stay. She says that taxing costs now "may" prove inefficient or inequitable if the appellate court modifies or reverses the judgment. That is speculation. "Inefficiency" is not irreparable harm. And if the plaintiff wins on appeal, she can seek a refund of the costs. The plaintiff says that she "faces significant financial hardship," and that "immediate" taxation of costs would impose an "undue" burden. But the very fact that she emphasizes that "immediate" taxation would impose a burden cuts against a finding of "irreparable" injury—if costs are taxed, the plaintiff might be able to work out a payment plan, or pay the costs at a later date.

The court does not share the plaintiff's opinion that a stay would not prejudice the defendant. The defendant has been defending against the plaintiff's claims for six years. At summary judgment, it prevailed on all but a single, fact-based claim. At trial, it prevailed on that claim. The rules entitle the defendant to seek taxation of costs, the court's local rules provide that an appeal will not delay taxing of costs and courts—including the appellate court—have held that expeditious rulings on costs are favored.

Finally, even if staying taxation of costs would promote judicial economy (and the court is not sure that it would), the rules and the case law do not list judicial economy as a factor in a court's determination of whether

8

to issue a stay. The only other factor is where the public interest lies. The public has an interest in the court following the rules and higher court decisions, so this factor weighs in favor of denying the motion.

The court will deny the plaintiff's request to stay the taxation of costs. The clerk's office will follow its standard process.

### III. Plaintiff's Motion to Protect Personal Identifiers and Seal Sensitive Information (Dkt. No. 178)

On February 3, 2026, the court received from the plaintiff a motion in which she asked the court for a "**limited and narrowly tailored order** protecting sensitive financial information contained in her **in forma pauperis (IFP/IFO) financial affidavit and related materials**, and providing guidance of the handling of similar information **in filings made going forward**." Dkt. No. 178 at 1 (emphasis in original). She asks the court to restrict public access to the affidavit she filed with her motion to proceed without prepaying the appellate filing fee, specifically, the income, expense and debt information. Id. She asks that all future filings "containing sensitive personal identifiers or financial verification be filed **under seal, with restricted access or in redacted form**," citing Fed. R. Civ. P. 5.2. Id. (emphasis in the original). Finally, she asks that the court limit disclosure to the defendants of "such sensitive financial information to the extent necessary for adjudication of any issue for which it is relevant." Id. at 2. The plaintiff asserts that the public disclosure of the information she references creates a risk of identity theft and financial harm and the information is unnecessary for resolving the merits of the case on appeal. Id. She asserts that she is seeking a "**narrow, proportional remedy**, limited to the

9

identified affidavit and similar filings going forward." Id. (emphasis in the original).

The plaintiff cites Federal Rule of Civil Procedure 5.2. That rule states:

> Unless a court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
> (2) the year of the individual's birth;
> (3) the minor's last initials; and
> (4) the last four digits of the financial-account number.

The plaintiff's affidavit does not contain her Social Security number (or anyone else's), her taxpayer ID (or anyone else's), her date of birth (or anyone else's), the name of any minor or any financial account numbers. There is no information in the affidavit that qualifies as confidential, personally-identifying information. Further, Rule 5.2 *requires* the redaction of that type of information unless the court orders otherwise. If the plaintiff (or anyone else in this litigation) does, in the future, file a document with any of that information on the document, the rules *require* her (or whoever files the document) to make the redactions specified in the rule. There is no need for a court order; the rule already requires redaction of such sensitive information.

The court cannot anticipate what other kinds of information the plaintiff may file in the future. But she should be aware that there are other rules that govern requests to restrict or seal documents. In the district court, General Local Rule 79(d) (E.D. Wis.) states that any document or material filed with the court is considered public "unless, at the time of

10

filing, it is accompanied by a separate motion requesting that: access to the document be restricted to the Court and counsel for the parties; or that the document or material, or portions thereof, be sealed by the Court." The motion must describe the documents (and information) the moving party wishes to restrict or seal and must provide "sufficient facts demonstrating good cause for withholding the document or material from the public record." Gen. L.R. 79(d)(2)–(3). "Absent a sufficient factual basis demonstrating good cause sufficient to seal the documents or materials, the motion must be denied." Gen. L.R. 79(d)(3). The Seventh Circuit Court of Appeals—the court that will decide the plaintiff's appeal—has long held that "[i]n civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret on appeal." Baxter Inter., Inc. v. Abbott Laboratories, 297 F.3d 544, 546 (7th Cir. 2002).

The court will deny the plaintiff's motion to protect personal identifiers and seal sensitive information. Dkt. No. 178.

### IV. Plaintiff's Motion for Extension of Time to Submit Exhibits (Dkt. No. 179)

On February 6, 2026, the clerk's office docketed a motion from the plaintiff titled "Plaintiff's Motion for Extension of Time to Submit Exhibits Due to Numbering Error, Software Crash, and File-Upload Failure." Dkt. No. 179. Although the clerk's office received and docketed this motion on February 6, the plaintiff dated the motion December 2, 2025, and she asked for an extension to December 3, 2025. Id. at 2. As best the court can

11

Case 2:19-cv-01032-PP    Filed 02/27/26    Page 11 of 13    Document 183

determine, this is a motion that the plaintiff intended the court to receive prior to trial; for reasons that are not clear (perhaps having to do with when the plaintiff mailed the motion, or the mail itself), the motion did not arrive in the clerk's office until two months after the plaintiff dated it.

In the motion, the plaintiff explained that "during the final preparation of her exhibit set," she had discovered that several exhibits "were not in proper numerical order, resulting in an invalid numbering sequence." Id. at 1. She said that to comply with the court's "General L.R. 26 and to ensure clarity for the Court and opposing counsel," she had been required to correct and reassign exhibit numbers, re-create and index and re-label exhibits, which had caused "a slight delay." Id. She explained that while she'd been making these corrections, her computer had repeatedly crashed, preventing her from saving and exporting documents and from creating labels. Id. She described some other challenges she'd faced, but stated that she expected the issues to be "fully resolved by December 3, 2025;" she said that she'd have the exhibits ready on that date. Id. at 2.

The court conducted an initial pretrial conference on December 8, 2025. Dkt. No. 140. Although she was present at that conference, and although the conference lasted an hour and forty minutes, the plaintiff never mentioned the motion or the issues raised in the motion. Id. On January 5, 2026, the court conducted another pretrial conference. Dkt. No. 153. The plaintiff was present at this conference, which lasted almost an hour; again, she did not mention this motion. Id. Finally, on January 9, 2026, the court held a status conference to discuss the defendant's motion to exclude audio

12

experts. Dkt. No. 159. Again, the plaintiff did not mention this motion. The case proceeded to trial on January 12, 2026. Dkt. No. 165.

The court will deny as moot the plaintiff's motion for extension of time to submit exhibits.

**V.     Conclusion**

The court **DENIES** the plaintiff's motion for extension of time to pay the appellate filing fee. Dkt. No. 168.

The court **GRANTS** the plaintiff's motion for leave to appeal without prepaying the appellate filing fee. Dkt. No. 176.

The court **DENIES** the plaintiff's motion to stay taxation of costs pending appeal. Dkt. No. 175.

The court **DENIES** the plaintiff's motion to protect personal identifiers and seal sensitive information. Dkt. No. 178.

The court **DENIES AS MOOT** the plaintiff's motion for extension of time to submit exhibits. Dkt. No. 179.

Dated in Milwaukee, Wisconsin this 27th day of February, 2026.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**