SANDRA GREY-ROHAN,

          Plaintiff,

                                   Case No. 19-cv-1032-pp

   v.

GATEWAY TECHNICAL COLLEGE,

          Defendant.

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR PREPARATION OF TRANSCRIPTS AT GOVERNMENT EXPENSE (DKT. NO. 186)**

On January 14, 2026, the jury returned a verdict in favor of the defendant and the court entered judgment on the plaintiff's Title VII retaliation claim. Dkt. Nos. 155, 157. The next day, the plaintiff, who is representing herself, filed a notice of appeal. Dkt. No. 160. The court granted the plaintiff's motion for leave to proceed on appeal without prepaying the appellate filing fee. Dkt. No. 176. The court simultaneously denied the plaintiff's motion to stay the taxation of costs pending appeal, dkt. no. 175, and the Clerk of Court taxed costs against the plaintiff in the amount of $3,145.85, dkt. no. 185. On March 18, 2026, the plaintiff filed a notice of transcript order. Dkt. No. 185. Several weeks later, the plaintiff filed a motion for preparation of transcripts at the government's expense. Dkt. No. 186. With one exception, the court will deny the motion without prejudice because the plaintiff has not met her burden.

1

## I. Plaintiff's Motion for Preparation of Transcripts

    A.    <u>Plaintiff's Brief</u> (Dkt. No. 186)

On April 8, 2026, the plaintiff filed a motion asking the court to authorize the preparation of transcripts at the government's expense under 28 U.S.C. §753(f). Dkt. No. 186. The plaintiff states that the court already has determined that she is proceeding in good faith under 28 U.S.C. §1915(a)(3), which she maintains satisfies the non-frivolous requirement. <u>Id.</u> at ¶3. She asserts that the issues on appeal include, among other things,

> the grant of summary judgment on Plaintiff's discrimination claims; pretrial and trial rulings, including evidentiary rulings; limitations on the use of audio recordings and impeachment evidence; exclusion of exhibits; jury instructions; limitations on Plaintiff's ability to present her case; the jury verdict entered in favor of Defendant; and other rulings affecting the presentation of Plaintiff's claims and the outcome of the trial.

<u>Id.</u> at ¶4. She asks the court for transcripts of "all relevant proceedings, including pretrial conferences, hearing and the January 12-14, 2026 trial proceedings, as well as **audio-recorded hearings and conferences in which the Court issued rulings**, together with any recorded sidebar conferences or proceedings outside of the jury." <u>Id.</u> at ¶5 (emphasis in original).

    B.    <u>Defendant's Brief in Opposition</u> (Dkt. No. 187)

The defendant opposes the motion, stating that the plaintiff relies on conclusory statements rather than specifically identifying a decision by the court that she is challenging. Dkt. No. 187 at 1-2. The defendant points out that the standard requires a showing that the appeal is not frivolous and presents a substantial question and that "the plaintiff may not rely on

2

'conclusory' or 'naked' allegations or claims" to establish the standard. <u>Id.</u> at 2 (citing 28 U.S.C. §753(f)). The defendant argues that the plain language of 28 U.S.C. §753(f) requires the court to certify "that the appeal is not frivolous (but presents a substantial question)" and that the court's finding of good faith under 28 U.S.C. §1915(a)(3) does not satisfy the certification requirement. <u>Id.</u> at 3. The defendant asserts that the plaintiff has failed to identify a substantial question that is reasonably debatable based on an objective view of the record. <u>Id.</u> The defendant maintains that the plaintiff does not explain what evidence was improperly excluded, which jury instructions were erroneous and what specific limitations on the presentation of her case were unlawful. <u>Id.</u> at 4.

      C.     <u>Plaintiff's Reply Brief</u> (Dkt. No. 188)

In her reply, the plaintiff identifies the following issues for appeal:

1.     Whether the district court abused its discretion by limiting Plaintiff's use of audio recordings to a small number of excerpts, thereby restricting the ability to present evidence and conduct effective impeachment;

2.     Whether the district court failed to clearly rule on Plaintiff's ability to use excluded recordings for impeachment purposes, resulting in uncertainty that materially affected trial preparation and presentation;

3.     Whether the exclusion of exhibits under Federal Rule of Civil Procedure 26(e) was applied in a manner that prejudiced Plaintiff;

4.     Whether evidentiary limitations improperly restricted Plaintiff's ability to present her case, including the ability to challenge credibility and establish causation;

5.     Whether the cumulative effect of these rulings impacted the fairness of the proceedings and the jury's ability to fully evaluate the evidence;

3

6.      Whether the district court erred in granting summary judgment on Plaintiff's discrimination claims.

Dkt. No. 188 at 2.

D.      Discussion

Section 753(f) provides: "Fees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The Seventh Circuit has explained that an appeal presents a "substantial question" if "it presents a close question or one that very well could be decided the other way." United States v. Eaken, 995 F.2d 740, 741 (7th Cir.1993) (quotations omitted). "[C]ourts also consider whether the requesting party has demonstrated a particular need for the requested transcripts." Westbrook v. Boy Scouts of America, Case No. 10-C-4161, 2013 WL 2936488, at *4 (N.D. Ill. June 14, 2013) (collecting cases); see Vogelsberg v. Kim, Case No. 17-cv-596, 2020 WL 8665293 (W.D. Wis. Dec. 7, 2020).

As the defendant points out, the court's order finding that the plaintiff is proceeding in good faith on appeal and allowing her to proceed without prepaying the appellate filing fee does not mean that the plaintiff has presented a substantial question. And the plaintiff's notice of transcript order did not encompass all the court's rulings. She requested transcripts of the following hearings:

- December 8, 2025 Pretrial Conference
- January 5, 2026 Pretrial Conference

4

- January 12, 2026 Jury Trial
- January 13, 2026, Jury Trial
- January 14, 2026 Jury Trial
- Any hearing or proceeding in which the court issued an oral ruling on the motion for summary judgment

Dkt. No. 185.

The first two appellate issues identified in the plaintiff's reply brief relate to the court's rulings regarding audio recordings that the plaintiff failed to properly disclose or otherwise produce in a timely manner. The week before trial, the plaintiff still had not disclosed to the defendant the excerpts of audio clips that she intended to use at trial. Dkt. No. 153 at 2. The court gave the plaintiff a deadline of January 7, 2026—the Wednesday before trial—to make the proper disclosures. Id. at 2-3. On Friday, January 9, 2026 (the last business day before trial) at 4:16 p.m., the court held another hearing because the plaintiff had continued to disclose audio recordings after the deadline set by the court. Dkt. No. 159. Although the plaintiff still had not made the proper disclosures, the court ordered her to email the defendant seven to ten audio excerpts/snippets that she planned to use in her case-in-chief, giving her a deadline of no later than 7 p.m. by which to do so. Id. at 2. On the first day of trial, defense counsel stated that he believed the plaintiff had limited the audio to three clips and that the defense would not object. Dkt. No. 165 at 1. It is not clear what issue the plaintiff is raising or what ruling she is challenging. The plaintiff agreed to use the three clips, and the court allowed them even though she had missed the disclosure deadline. The minutes capture the court's

rulings, and the plaintiff has not requested the transcript from the January 9, 2026 hearing.

As to issues three, four and five from the reply brief, the plaintiff challenges the exclusion of exhibits under Federal Rule of Civil Procedure 26(e), the "evidentiary rulings" and the "cumulative effect of the rulings." It is not clear what rulings the plaintiff intends to challenge. Federal Rule of Civil Procedure 26(e) references a party's duty to supplement a disclosure under Rule 26(a). It may be that the plaintiff is challenging any or all the rulings leading up to and through trial. Framing the issues in such vague terms makes it impossible for the court to determine whether there is a substantial question.

The court will grant the plaintiff's motion to the extent that she requests a transcript of the court's ruling on summary judgment. The court granted in part and denied in part the defendant's motion for summary judgment. Dkt. No. 52. The court dismissed the plaintiff's §1981 claim, her §1983 claim, and her Title VII discrimination claim, but allowed her to proceed to trial on a Title VII retaliation claim—a ruling that later impacted the court's evidentiary rulings. Id. at 2, 3. The court delivered its summary judgment ruling orally, from the bench, on December 12, 2023. Dkt. No. 51. Although the audio recordings for all the requested hearings and the minutes appear on the docket, and although the plaintiff still was represented by counsel at that point, the court will authorize the preparation of the transcript of the oral summary judgment ruling without requiring the plaintiff to pay for it, so that it becomes part of the official record.

6

## II.  Conclusion

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion for preparation of transcripts at the government's expense. Dkt. No. 186. The court **GRANTS** the motion to the extent that the plaintiff seeks a transcript of the court's December 12, 2023 oral ruling on the defendant's motion for summary judgment. The court **DENIES WITHOUT PREJUDICE** the remainder of the motion because the plaintiff has failed to identify a substantial question on appeal relating to a need for the other transcripts.

Dated in Milwaukee, Wisconsin this 17th day of June, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

7