UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SANDRA GREY-ROHAN,

Plaintiff,

v.

Case No. 19-cv-1032-pp

GATEWAY TECHNICAL COLLEGE,

Defendant.

---

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR PREPARATION OF TRANSCRIPTS AT GOVERNMENT EXPENSE (DKT. NO. 190)**

---

On June 29, 2026, the plaintiff, who is representing herself, filed a renewed motion for preparation of transcripts at the government's expense. Dkt. No. 190.

By way of background, on January 14, 2026, after several days of trial, a civil jury found in favor of the defendant on the plaintiff's claims of employment retaliation (she had alleged that her employer terminated her employment in retaliation for her filing EEOC and ERD complaints). Dkt. No. 155. On January 15, 2026, the plaintiff filed a notice of appeal. Dkt. No. 160. On March 18, 2026, the plaintiff filed a motion asking the court to require transcripts to be prepared at the government's expense. Dkt. No. 186. On June 17, 2026, the court granted in part and denied in part that motion. Dkt. No. 189.

The court had granted in part the plaintiff's initial motion seeking preparation of transcripts at the government's expense, authorizing the

preparation of the transcript of the court's December 12, 2023 oral summary judgment ruling without requiring the plaintiff to pay for it. Dkt. No. 189 at 6. The court denied without prejudice the plaintiff's motion to the extent that she asked for other transcripts, because it wasn't clear what rulings she intended to challenge and because it found that "the plaintiff has failed to identify a substantial question on appeal relating to a need for the other transcripts." Id. at 7.

Because the plaintiff's June 29, 2026 renewed motion does not identify a substantial question for appeal, the court will deny the renewed motion.

## I. Background

Following a three-day trial, a jury returned a verdict in favor of the defendant on the plaintiff's Title VII retaliation claim and the court entered judgment on January 14, 2026. Dkt. Nos. 155, 157. The plaintiff filed a notice of appeal the next day and the court granted the plaintiff's motion for leave to proceed on appeal without prepaying the appellate filing fee. Dkt. Nos. 160, 176. On March 18, 2026, the plaintiff filed a notice of transcript order. Dkt. No. 185. A few weeks later, the plaintiff filed a motion for preparation of transcripts at the government's expense. Dkt. No. 186. As explained above, the court granted in part and denied without prejudice in part the plaintiff's motion for preparation of transcripts. See Dkt. No. 189 at 7.

On June 29, 2026, the plaintiff renewed her motion requesting preparation of transcripts at the government's expense. Dkt. No. 190. In her motion, the plaintiff requests transcripts of the following hearings: the January

5, 2026 pretrial conference; the January 9, 2026 telephonic hearing; and the January 12-14, 2026 jury trial. Id. at 1. The plaintiff identified the following questions for appeal:

> a. Whether the Court abused its discretion by limiting Plaintiff's use of audio recordings to a small number of excerpts, thereby restricting Plaintiff's ability to present evidence and conduct effective impeachment;
>
> b. Whether the Court failed to clearly rule on Plaintiff's ability to use excluded recordings for impeachment purposes, resulting in uncertainty that materially affected trial preparation and presentation;
>
> c. Whether the exclusion of exhibits under Federal Rule of Civil Procedure 26(e) was applied in a manner that prejudiced Plaintiff;
>
> d. Whether evidentiary limitations improperly restricted Plaintiff's ability to present her case, including the ability to challenge credibility and establish causation; and
>
> e. Whether the cumulative effect of these rulings impacted the fairness of the proceedings and the jury's ability to fully evaluate the evidence.

Id. at 1-2.

These are the same questions that the plaintiff had identified in support of her initial motion requesting preparation of transcripts at the government's expense. See Dkt. No. 188 at 2. The plaintiff maintains that the January 5, 2026 pretrial conference transcript is necessary for her appeal of questions (c), (d) and (e) above. Dkt. No. 190 at 2. She says that a transcript of the January 9, 2026 telephonic hearing is necessary for her appeal of questions (a), (b), (d) and (e). Id. And the plaintiff says that the "complete" jury trial transcripts are needed for questions (a), (c), (d) and (e).

The defendant opposes the request, arguing that the plaintiff repeats the same generalized challenges to the court's rulings and that these allegations are too vague to support government-funded transcripts. Dkt. No. 192 at 1, 4. The defendant also argues that it is not sufficient for a plaintiff to rely on conclusory allegations or claims to establish that an appeal is not frivolous and presents a substantial question. Id. at 4-5.

The plaintiff replies that she narrowed her request to "specific hearings and limited portions of the trial proceedings"[1] and that her motion "identifies the appellate issues to which each requested transcript relates and explains why those transcripts are necessary to permit meaningful appellate review . . ." Dkt. No. 2.

**II. Discussion**

Under 28 U.S.C. §753(f), "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The Seventh Circuit has explained that an appeal presents a "substantial question" if "it presents a close question or one that very well could be decided the other way." United States v. Eaken, 995 F.2d 740, 741 (7th Cir.1993) (quotations omitted). "[C]ourts also consider whether the requesting party has demonstrated a particular need for the requested transcripts." Westbrook v. Boy Scouts of Am.,

---

[1] This assertion appears to be incorrect, because the renewed motion asks or the "complete" trial transcripts.

Case No. 10-C-4161, 2013 WL 2936488, at *4 (N.D. Ill. June 14, 2013) (collecting cases); see Vogelsberg v. Kim, Case No. 17-cv-596, 2020 WL 8665293 (W.D. Wis. Dec. 7, 2020).

Again, the plaintiff has not provided sufficient information to enable the court to evaluate whether there is a substantial question for appeal. A plaintiff may not rely on "conclusory" or "naked" allegations to establish that an appeal is not frivolous and presents a substantial question. See Amadasu v. Mercy Franciscan Hosp., 515 F.3d 528, 530 (6th Cir. 2008) ("Conclusory allegations in support of a request for free transcripts do not satisfy" the requirements of 28 U.S.C. §753(f) (citing United States v. MacCollom, 426 U.S. 317, 327 (1976)); see also Liner v. Wright, 463 F. Supp. 2d 365, 366 (W.D.N.Y. 2006) ("Other requests are vague and do not raise a substantial issue on appeal. For example, [the application] suggests, without elaboration that the 'prejudicial affects' during the trial warrant preparation of the entire transcript.").

The first two questions identified in the plaintiff's renewed motion—(a) and (b)—relate to audio recordings that the plaintiff failed to timely disclose to the defendant before trial. At the January 5, 2026 final pretrial conference (previously there had been others)—which took place a week before the jury trial that had been scheduled since June 18, 2025—the following discussion took place:

> The court next addressed the plaintiff's question regarding audio recordings, recounting that although the defendant had not objected to the plaintiff listing the recordings as potential exhibits, the defendant had reserved the right to raise evidentiary objections to particular recording(s) at trial. Defense counsel further explained that the audio exhibits the plaintiff had identified were multiple

> hours long; the defense expressed concern that either the playing of the recordings would take up an inordinate amount of time or that the defense would not know prior to trial which portions of the recordings the plaintiff planned to play.
>
> The plaintiff confirmed that she did not expect to play all the audio; she intended to play only excerpts for the jury. The court explained that as a practical matter, the plaintiff would need to create excerpted clips of the audio recording. It advised the plaintiff that once the jury began its deliberations, it could request the admitted evidence, and it would not be appropriate to provide the jury with a three-hour recording if only fifteen minutes had been played at trial. Defense counsel proposed the plaintiff expeditiously mark her desired clips so that the defense could review them and make any objections prior to the start of trial.
>
> The court agreed and ordered the plaintiff to disclose the excerpts of audio clips she planned to play at trial by no later than the end of the day on Wednesday, January 7, 2026. The court asked the plaintiff to mark her excerpts as sub exhibits of the larger audio file (for example, Exhibit 59a, 59b, 59c as clips from audio exhibit 59).

Dkt. No. 153 at 2-3.

On January 9, 2026, the defense filed an expedited motion to exclude audio recordings of workplace meetings. Dkt. No. 150. The defense explained that on the evening of January 7, 2026, the plaintiff had provided the defense with some thirty-eight audio excerpts totaling about an hour and a half of discussions. Id. at 2. It recounted that the next morning—January 8, 2026—the plaintiff had advised that additional audio clips had been uploaded. Id. The defense explained that all told, the plaintiff had provided almost six hours of recorded discussions; in some cases, she'd taken an entire workplace meeting and broken it into "bite-sized" portions. Id. One excerpt was chopped into sixty-seven smaller excerpts totaling three hours and twenty-two minutes—five minutes less than the entire audio recording. Id. The defense argued that some

excerpts significantly overlapped with others, some cut off speakers mid-sentence (depriving the listener of context) and some excerpts did not match the full recording. Id. at 2-3. The defense asked the court to exclude all the workplace meeting audio excerpts at trial. Id. at 5.

The court scheduled a hearing for January 9 at 4:15 p.m.—the Friday afternoon before the Monday trial was to begin. Dkt. No. 159. The hearing lasted forty minutes, during which the following occurred:

> The court explained that it had scheduled this hearing to address the issues raised in the defendant's motion to exclude audio excerpts, filed today at approximately 1:30 p.m. Dkt. No. 150. The court acknowledged that setting a hearing late on the Friday before a Monday trial was unusual. The court explained, however, that given the issues the defendant had raised in the motion, the court had not been sure that it would have time to adequately address those issues with the parties Monday morning before the *venire* came into the courtroom.
>
> The court recounted the allegations in the motion, particularly the defendant's allegation that the plaintiff had identified hours of audio recordings that she planned to use at trial, and that she'd identified many of them after the January 7, 2026 deadline the court had set for her to do so. The plaintiff insisted that she understood the court's order from Monday, January 5, 2026 as requiring her to identify all excerpts she potentially could decide to play at trial, as opposed to identifying only the excerpts that she planned to use in her case-in-chief. The plaintiff conceded that she had provided counsel with some excerpts on January 8, but insisted that she and defense counsel has been "collaborating" and that defense counsel had not objected to her providing some of the excerpts after the January 7 deadline.
>
> Defense counsel stated that his understanding was the same as the court's; the court had ordered the plaintiff to identify for defense counsel the particular clips she intended to use in her case-in-chief. Co-counsel agreed that the plaintiff had told her that the plaintiff would be providing the excerpts in chunks, but advised that she had not told the plaintiff that the defense would agree to receiving some of those chunks on January 8 (after the court's deadline).

> The court enquired as to how the plaintiff planned to utilize the audio excerpt exhibits. The plaintiff said that she had thought that she would give her testimony (grouped by topic, as the court had required), then at the end of her testimony, she would submit the evidence to prove her case. The court asked for more detail on how the plaintiff planned to "submit" the evidence. She explained that she'd planned to play the audio clips—just seven to ten of them, each of which were minutes long—for the court.
>
> Defense counsel asked the court to preclude the plaintiff from introducing any audio excerpts in her case-in-chief.
>
> The court **ORDERED** that by no later than 7 p.m. this evening, the plaintiff must send the defendant an e-mail identifying the seven to ten audio excerpts/snippets she plans to use in her case-in-chief. The court further ordered that if the plaintiff needs to edit an excerpt to avoid cutting someone off in mid-sentence, she must make those edits and provide the revised excerpts to the defendant by the end of the night tonight.

Id. at 1-2.

On the first day of trial, defense counsel stated that he believed the plaintiff had limited the audio to three clips and that the defense would not move to exclude them for failure to timely disclose them. Dkt. No. 165 at 1.

In the plaintiff's renewed motion, it still is not clear what evidentiary issue she is raising or what court ruling she is challenging regarding the audio clips. The minutes of these hearings do not reflect that the court "limited" the number of clips the plaintiff could play, or the length of the clips. In the end, after going back and forth with the defense (beyond the deadline the court had set, and at the very last minute before trial), the plaintiff elected to use three clips, and the court admitted them even though the plaintiff had missed the January 7 disclosure deadline. The defendant did not move to exclude the three audio clips at trial. The plaintiff has not explained how the transcripts of

the January 5 and January 9 hearings would demonstrate a "substantial question" on the plaintiff's questions (a) or (b).

As to questions (c), (d) and (e), the plaintiff challenges the exclusion of "exhibits" under Federal Rule of Civil Procedure 26(e), the "evidentiary rulings" and the "cumulative effect of the rulings." The plaintiff has not explained which "exhibits" the court excluded in what she believes was error, or how the allegedly erroneous exclusion of those exhibits would demonstrate a "close question" on questions (c), (d) and (e). She has not identified the "evidentiary rulings" that she believes were in error, or how those alleged errors would demonstrate a "close question" on the questions. The plaintiff says in her renewed motion that the January 5, January 9 and January 12-14 transcripts are not "sought for a general review" and that she needs the transcripts to review the "effect of the challenged evidentiary rulings during trial." But the plaintiff still hasn't identified the evidentiary rulings she intends to challenge on appeal, which she should be able to do because it appears that there has been at least some briefing completed in her appeal. See Dkt. No. 192 at 4 (defendant's opposition to renewed request for transcripts at government expense, speculating that the plaintiff is "using her 'renewed' motion as a delay tactic as she is claiming she needs additional time to file her reply brief in the Seventh Circuit until this Court rules on her renewed motion.").

As the court observed when denying in part the plaintiff's initial motion for transcripts at the government's expense, dkt. no. 189 at 6, vague assertions such as whether the exclusion of unidentified exhibits prejudiced the plaintiff,

whether unidentified evidentiary restrictions prejudiced her ability to present her case and whether the cumulative effect of unidentified rulings impacted the fairness of the case make it impossible for the court to determine whether the plaintiff's appeal presents a "substantial question" justifying this court granting certification and requiring the transcripts the plaintiff request to be prepared on the taxpayers' dime.

## III. Conclusion

The court **DENIES** the plaintiff's renewed motion for preparation of transcripts at the government's expense. Dkt. No. 190.

Dated in Milwaukee, Wisconsin this 29th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**